**George Edward WILSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57430.**

Supreme Court of Missouri,
Division No. 2.

Feb. 12, 1973.

Morton D. Baron, Richard M. Riezman, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

George Edward Wilson has appealed from a judgment denying his motion filed under Criminal Rule 27.26, V.A.M.R. to vacate a 4-year sentence entered upon a plea of guilty to stealing over $50. We have jurisdiction, the notice of appeal having been filed before January 1, 1972. Art. V, §§ 3, 31, Constitution of Missouri, 1945, V.A.M.S.

Appellant's motion alleged, among other things, that the plea of guilty was entered under a misapprehension and on the basis of false promises; that he was tricked into

forfeiting his basic constitutional rights under the guise of promises that he would be admitted to the narcotics hospital in Fort Worth, Texas, which proved to be ill-founded and a lie and that movant was misled; that instead he was taken to the state penitentiary to serve his sentence, and therefore the plea was invalid and unconstitutional.

Appellant's motion was denied without a hearing "on the ground that said motion, files, and records in this cause conclusively show that the Movant is not entitled to any relief."

On this appeal appellant makes the point, among others, that his plea of guilty was not entered voluntarily but under a misapprehension based on the above-stated promise which was in fact false. He contends that a question of fact was presented whether his plea was entered voluntarily and that he is entitled to be discharged or that the cause should be remanded for an evidentiary hearing.

█ A plea of guilty entered upon a mistaken belief, misapprehension or ill-founded expectation that the accused will be given hospitalization and treatment for a medical condition and not be imprisoned in a penal institution is not voluntary but is induced, and if the subject is not hospitalized and is imprisoned in a penal institution he should be permitted to withdraw his plea of guilty. See State v. Roach, Mo.Sup., 447 S.W.2d 553, 556[3]; State v. Rose, Mo.Sup., 440 S.W.2d 441, 443[3]; State v. Edmondson, Mo.Sup., 438 S.W.2d 237, 244 [6].

█ The foregoing allegation in appellant's motion raised a genuine issue of fact as to the voluntariness of the guilty plea. The record made at the time the plea of guilty was accepted does not conclusively establish that the plea was voluntarily made with an understanding of the consequences of the plea. On the contrary, matters of record tend to corroborate appellant's contention. In these circumstances appellant is entitled to an evidentiary hearing on this issue of fact. State v. Sayre, Mo.Sup., 420 S.W.2d 303, 305[3].

Appellant's 27.26 motion sought to impeach the guilty plea on three additional grounds but the allegations in support of these additional grounds are so conclusory in nature that they fail to raise any genuine issue of fact. On remand movant may amend these allegations to plead a factual basis for relief if he is so advised.

The judgment is reversed and the cause is remanded to the circuit court with instructions to conduct an evidentiary hearing on all matters properly raised in the motion to vacate, and to make findings of fact and conclusions of law under Criminal Rule 27.26(i) on all issues presented. Larson v. State, Mo.Sup., 437 S.W.2d 67, 69[3]; Gerberding v. State, Mo.Sup., 433 S.W.2d 820, 824[6].

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and LEVITT, Special Judge, concur.