Lee Daniel **RUSSELL**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. WD 30798.

Missouri Court of Appeals,
Western District.

April 7, 1980.

Gerald Kiser, Public Defender, Liberty, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

The trial court, upon motion of the state and absent an evidentiary hearing, dismissed Lee Daniel Russell's Rule 27.26 motion to vacate a five year sentence entered upon a plea of guilty to a charge of "auto theft". Russell timely appealed.

Of three points raised by Russell on appeal, the first is deemed to be the principal and dispositive point—that the trial court erred in dismissing his Rule 27.26 motion without affording him an opportunity to

present evidence on the principal ground that the trial court lacked jurisdiction over the subject matter of the offense to which he pled guilty. Certain statutory provisions, as well as a synopsis of certain basic allegations contained in the Rule 27.26 motion, need to be initially set forth in order to put this principal and dispositive point in proper perspective.

These are the statutory provisions which need to be set forth. Section 222.080.1 of the "Uniform Mandatory Disposition of Detainers Law", RSMo 1978, reads as follows:

"1. Any person imprisoned in a correctional institution of this state may request a final disposition of any untried indictment, information or complaint pending in this state against him while so imprisoned. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment."

Section 222.100 of the "Uniform Mandatory Disposition of Detainers Law", RSMo 1978, reads as follows:

"Within one hundred and eighty days after the receipt of the request and certificate by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court for good cause shown in open court, the prisoner or his counsel being present, may grant, the indictment, information or complaint shall be brought to trial; provided, that the parties may stipulate for a continuance or that it may be granted on notice to the attorney of record of an opportunity for him to be heard. If, after such request, it is not brought to trial within the period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice."

These are the basic allegations contained in the Rule 27.26 motion which need to be set forth. While Russell was imprisoned in the Missouri Department of Corrections serving a sentence for an unrelated offense, an indictment was returned in Clay County charging him with theft of an automobile. Clay County authorities lodged a detainer with the Missouri Department of Corrections regarding said indictment on or about March 2, 1978. Russell, pursuant to Section 222.080.1, *supra*, immediately initiated a written request for final disposition of the untried indictment pending against him and copies of the same were received by the Circuit Court of Clay County and the Prosecuting Attorney of Clay County on March 3, 1978. A writ of habeas corpus ad prosequendam subsequently issued and Russell was returned to Clay County. On July 17, 1978, Russell appeared in person and by counsel in the Circuit Court of Clay County at which time he was arraigned, entered a plea of not guilty, and his case was set for trial on September 25, 1978. He was then returned to the custody of the Missouri Department of Corrections. A second writ of habeas corpus ad prosequendam issued and he was returned to Clay County on or about September 15, 1978. On or about September 21, 1978, Russell filed a motion to dismiss the pending indictment on the ground that he had not been brought to trial within one hundred and eighty days after March 3, 1978, the date the court and the prosecuting attorney received his written request for final disposition of the pending indictment. The motion to dismiss was heard and overruled on September 25, 1978, and the cause was reset for trial on October 2, 1978. On September 28, 1978, Russell entered a plea of guilty to the offense of "auto theft" as charged in the indictment and was sentenced to five years confinement in the Missouri Department of Corrections. Relying upon Section 222.100, *supra*, Russell charged that at the time he pled guilty the Circuit Court of Clay County had lost jurisdiction over the offense because more than one hundred eighty days had expired since receipt of his written request for final disposition of the indictment.

Attention now focuses on the apical issue on appeal—whether or not Russell was entitled to an evidentiary hearing on the principal ground relied upon in his Rule 27.26 motion. Findings of fact and conclusions of law were entered by the trial court in conjunction with sustaining the state's motion to dismiss Russell's Rule 27.26 motion. The following conclusion of law reached by the trial court helps explain why it concluded that an evidentiary hearing was unnecessary: "That . . . [Russell] at the time he entered his plea of guilty, knowingly waived any statutory rights he may have had under Sec. 222.100 RSMo, (Uniform Mandatory Disposition of Detainers Act) and that the Court had jurisdiction to accept the said plea of guilty."

This court must first decide whether noncompliance with Section 222.100, *supra*, as alleged by Russell, wholly divested the trial court of subject matter jurisdiction over the indictment and, concomitantly, jurisdiction to receive his guilty plea, or whether noncompliance, as evinced by the trial court's conclusions of law, merely constituted a nonjurisdictional statutory violation which Russell could and did waive by subsequently pleading guilty.

One thing is certain, by enacting the Uniform Mandatory Disposition of Detainers Law, the legislature intended to go beyond constitutional minimum standards by providing (1) a specific procedure for persons imprisoned in correctional institutions of this state to obtain a speedy trial on any untried charges pending against them in this state, (2) a general rule that such imprisoned persons shall be brought to trial on any untried state charges within one hundred and eighty days after the designated authorities receive a properly initiated request, and (3) a loss of jurisdiction over a pending charge, irrespective of its gravity, if it is not tried within the statutorily designated time period. Provisions for extending the one hundred and eighty day time period are found in the following language contained in Sec. 222.100, *supra*, "or within such additional necessary or reasonable time as the court, for good cause shown in open court, the prisoner or his counsel being present, may grant . . ." and "provided that the parties may stipulate for a continuance or that it may be granted on notice to the attorney of record of an opportunity for him to be heard. . . ." However, once the appropriately determined statutory time period has run its course without the imprisoned person being brought to trial the consequence, as perspicuously spelled out in Section 222.100, *supra*, is swift and sure: "If, after such request, it is not brought to trial within the period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice." This language is not drenched in doubt or ambiguity, hence application of this portion of the statute, rather than construction, is all that is required. Accordingly, when a request is made by a person imprisoned in a correctional institution of this state for trial of a pending state charge in accordance with the provisions of Section 222.080, supra, and there is a failure on the part of the state to bring the imprisoned person to trial within the appropriately determined statutory time period, no court of Missouri shall any longer have jurisdiction over such charge and the court before which it is pending shall issue an order dismissing the same with prejudice. Section 222.100, *supra*. In view of the positive command of Section 222.100, *supra*, a loss of subject matter jurisdiction inexorably occurs by operation of law when an imprisoned person who has initiated a proper request is not brought to trial within the appropriately determined statutory time period.

Lack of jurisdiction to accept a plea of guilty is commensurate with a lack of jurisdiction over a criminal charge, and it necessarily follows that when a trial court lacks jurisdiction over a criminal charge it also lacks jurisdiction to accept a guilty plea to such charge. As lack of jurisdiction over the subject matter may not be waived, a plea of guilty to a charge over which the

trial court lacked jurisdiction is a nullity and cannot be redeemed on the ground that the plea of guilty waived the jurisdictional defect. *Montgomery v. State*, 454 S.W.2d 571, 574–75 (Mo.1970); and *State v. Gladies*, 456 S.W.2d 23, 25 (Mo.1970). Such is consonant with the established principle that lack of subject matter jurisdiction may be raised at any time. *Brown v. State*, 452 S.W.2d 176, 179 (Mo.1970); and *Henderson v. State*, 546 S.W.2d 546, 547 (Mo.App.1977).

The trial court obviously overlooked or misconceived the pronounced and far-reaching jurisdictional implications of Section 222.100, *supra*, when properly initiated requests for trial are not timely complied with. Instead, it chose to view Russell's rights under the Uniform Mandatory Disposition of Detainers Law in the limited context of a statutory right which could be and had been waived. Doing so was error.

After taking measure of the principal legal ground which Russell relies upon both in his Rule 27.26 motion and on appeal, it remains to be seen whether the facts pleaded in support thereof in his Rule 27.26 motion and the files and records in the case "conclusively" show that he was entitled to no relief. Admittedly, *Smith v. State*, 513 S.W.2d 407, 411–12 (Mo.banc 1974), *cert. denied* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), and its progeny hold, that if the motion and the files and records of the case *conclusively show* that the movant in a Rule 27.26 motion is not entitled to any relief, an evidentiary hearing is not required. Conversely, if the motion and the files and records of the case *do not conclusively show* that the movant in a Rule 27.26 motion is not entitled to any relief, an evidentiary hearing is required. Rule 27.26(e); *Wilson v. State*, 490 S.W.2d 33, 34 (Mo.1973); and *Burrage v. State*, 477 S.W.2d 118, 120 (Mo. 1972).

Even a cursory examination of Russell's Rule 27.26 motion pertaining to the principal ground for relief, the facts pleaded therein to support it, and the files and records in the case, overwhelmingly demonstrate that they do not show, much less conclusively show, that Russell is not entitled to any relief. In fact, just the opposite is true. They show that more than one hundred and eighty days elapsed after receipt of a request for final disposition of the pending "auto theft" charge without a trial being afforded, and there is nothing in the files and records of the case, according to the transcript filed in this appeal, even remotely suggesting that good cause was shown for granting "additional necessary or reasonable time" for disposing of the charge by trial or that a continuance was stipulated or granted on proper notice. Russell is entitled to an evidentiary hearing to determine the verity or lack of verity of his allegations, at which time the state will have a companion opportunity to introduce evidence, if any, that prior to the lapse of the one hundred and eighty days the time had been extended or the case continued to or beyond September 25, 1978, pursuant to Section 222.100, *supra*.

Since resolution of the principal point on appeal necessitates remand of the case for an evidentiary hearing, piecemeal disposition of the overall case should and will be avoided by not commenting on the remaining two points. It is highly problematical whether they will arise again, and if they do whether they will arise in the same context. Moreover, the parties have had the benefit of the respective briefs on the remaining two points.

However paradoxical Russell's guilty plea and present disposition of this case may be, the record on appeal makes it facially inevitable by reason of the legislatively mandated terminal result built into Section 222.100, *supra*, complete and total loss of jurisdiction once the properly triggered time period has run its course without the occurrence of a trial.

The judgment below dismissing Russell's Rule 27.26 motion is reversed and the cause is remanded for an evidentiary hearing consistent with this opinion.

All concur.