John Terry MANSFIELD,
Movant-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 12349.

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 23, 1981.

Briney Welborn, Briney, Welborn & Spain, P. C., Bloomfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Douglas Lind, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PREWITT, Judge.

Movant filed a motion under Rule 27.26 seeking to vacate a conviction and sentence

following a plea of guilty. The trial court found that movant's plea was entered voluntarily with full understanding of its consequences and denied the motion. Our review is to determine if the trial court's findings, conclusions, and judgment are erroneous. Rule 27.26(j).

Movant contends that the plea was not voluntarily entered because he relied on misstatements made by his attorney. Movant testified that before he pled guilty his attorney said that "he and the Judge would arrange" for movant to serve the sentence in Tennessee and that if he had known he would have to serve it in Jefferson City, he would not have entered the plea. In his testimony movant did not give a reason why he preferred Tennessee. The record shows that before the plea was accepted and sentence imposed, movant denied that he had received any promises which caused him to enter the plea. Although his attorney at the time of the plea was available, he was not called as a witness.

▇▇▇ Movant had the burden to establish his grounds for relief by a preponderance of the evidence. Rule 27.26(f). The only evidence received was movant's testimony. Even if uncontradicted, the trial judge could disbelieve it. *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979).

▇▇▇ In view of movant's statement before the plea that he had not received any promises which caused him to enter the plea and because the trial judge did not have to believe movant's testimony, we cannot say that the trial court's finding was clearly erroneous. Therefore, neither *Wilson v. State*, 490 S.W.2d 33 (Mo.1973), nor *State v. Rose*, 440 S.W.2d 441 (Mo.1969), relied on by movant, are applicable.

The judgment is affirmed.

BILLINGS, P. J., and HOGAN and TITUS, JJ., concur.