**STATE of Missouri, Respondent,**

v.

**Samuel SCOTT, Appellant.**

**Samuel SCOTT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 58237, 59310.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 12, 1992.

Melinda K. Pendergraph, Jeannie Arterburn, Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant appeals from his conviction for burglary and the denial of his Rule 29.15 motion.

On September 11, 1989, St. Louis City Police responded to a silent alarm at ASI Sign Systems in the City of St. Louis. On arrival, police saw a ladder beneath a broken window on the side of the building and defendant, inside the building, removing shards of glass from the window. When defendant saw the officers, he ducked back inside the building. Defendant tried to exit the building through an alley door, but ran back into the building when he saw police again. As more officers arrived, police sealed off and entered the building. Police officers apprehended defendant in an interior hallway. The officers found a plastic bag containing a fax machine, a small radio, and a camera belonging to ASI Sign Systems near the broken window. At trial, defendant did not present any evidence in his defense. A jury found defendant guilty of second degree burglary, and the court sentenced defendant to fifteen years imprisonment as a Class X offender.

Defendant filed a *pro se* motion and an amended motion for post-conviction relief pursuant to Rule 29.15. The court appointed counsel to represent defendant. Appointed counsel filed a verified amended motion which incorporated defendant's *pro se* motion. The State filed a motion to dismiss the Rule 29.15 motion. The motion court granted the motion to dismiss without an evidentiary hearing "for the reasons

set forth in said motion." Defendant appeals.

The motion court granted the State's motion to dismiss defendant's Rule 29.15 motion for the reasons stated in the motion, without issuing any findings of fact or conclusions of law. Defendant argues, and the State concedes, that the motion court's order was insufficient because it did not address all the issues presented. However, the State argues that the record on appeal is sufficient to permit this court to determine whether the denial of the Rule 29.15 motion was proper.

■ As a general rule the failure of the motion court to make findings of fact and conclusions of law would mandate a remand in order to correct this deficiency and furnish a record adequate for appellate review. However, it is within our discretion to finally dispose of a case where the record clearly demonstrates that the motion court reached a correct decision. *Barton v. State*, 802 S.W.2d 561, 565 (Mo.App. 1991); *Robinson v. State*, 785 S.W.2d 323, 324 (Mo.App.1990). We choose to exercise this discretion because the amended and *pro se* motions in this case fail to allege any facts showing that movant is entitled to relief. Accordingly, for reasons of judicial economy and because we are cognizant of the fact that the motion judge is now deceased, we overlook his failure to comply with the requirements of Rule 29.15(i).

First, we deny all the points raised in defendant's *pro se* motion. Defendant's claims regarding the information, the amendment of the information, and the charge of Class X offender are refuted by the record and fail to allege facts which would warrant relief. Defendant's claim that he was given an excessive sentence for demanding a jury trial does not allege any facts to support his claim. Defendant's claims of ineffective assistance of counsel are conclusions and do not allege facts which warrant relief. Finally, defendant's claims of improper closing arguments, of the court's failure to exclude prosecution witnesses, and the incorporation of the grounds in his motion for new trial are conclusions, are unsupported by facts, and raise claims which could have been addressed by direct appeal.

■ Second, defendant filed an amended *pro se* motion alleging he was denied effective assistance of counsel because the State was unable to produce any reliable evidence to connect movant to prior convictions for purposes of his Class X status. Defendant fails to show how counsel was ineffective on this point. A deputy circuit clerk testified to the prior convictions which bore defendant's name. A prima facie case of prior offender status, for purposes of sentence enhancement statutes, is made by identifying the name of the person charged in the record of the prior conviction. *State v. Fitzpatrick*, 676 S.W.2d 831, 838 (Mo. banc 1984).

■ Finally, defendant's amended motion, filed by counsel, is also denied. Specifically, defendant argues that trial counsel was ineffective for failing to challenge the application of Class X offender status to a charge of second degree burglary and for failing to timely request that State witnesses be excluded from the courtroom. Defendant's first claim fails to allege facts which entitle him to relief. Defendant was sentenced as a Class X offender under § 558.019 RSMo.Supp.1991, which applies to "dangerous felonies" as defined in § 556.061(8). Burglary is defined as a dangerous felony under § 556.061(8) RSMo. Supp.1991. Counsel will not be deemed ineffective for failing to make a useless objection. *Brownlow v. State*, 818 S.W.2d 302, 304 (Mo.App.1991); *Ruff v. State*, 815 S.W.2d 460, 465 (Mo.App.1991).

■ Defendant's second claim is that trial counsel was ineffective for failing to request that prosecution witnesses be excluded from the courtroom during the trial. Defendant states he was prejudiced by this failure because the State's witnesses were able to conform their testimony to that of prior witnesses. The State presented the testimony of five witnesses. One witness was the manager of the burglarized company, who testified that defendant did not have permission to enter the building and take the goods. The remaining four wit-

nesses were the police officers who surrounded the building and captured defendant inside. The decision to exclude witnesses is in the discretion of the trial court once there is a request that the witnesses be excluded. The mere failure of defense counsel to ask that witnesses be sequestered does not establish ineffective assistance. Moreover, the record leaves no room to speculate that the defendant was prejudiced by the failure to request sequestration of witnesses. The State proved its case with the testimony of the first police officer who stated he saw defendant in the window of the building and later captured defendant within the building. Defendant does not suggest how the testimony of any subsequent witness was affected, much less altered by virtue of having heard earlier testimony. In the absence of any demonstration of possible prejudice, defendant is not entitled to relief under Rule 29.15. *State v. Stallings*, 812 S.W.2d 772, 779 (Mo.App.1991).

Since defendant's points fail to allege facts entitling him to relief, raise matters which are refuted by the record, or fail to show how he was prejudiced by the matters complained of, the denial of his Rule 29.15 motion is affirmed.

Defendant's remaining two points on appeal relate to the questioning of venire persons during voir dire and the submission of the reasonable doubt instruction, MAI–CR3d 302.04. We find that no error of law appears and that an opinion would have no precedential value. We affirm these points without opinion pursuant to Rule 84.16(b).

Judgment affirmed.

SMITH, P.J., and SATZ, J., concur.