STATE of Missouri, Respondent,

v.

Michael A. CLARK, Appellant.

Michael CLARK, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 59221, 61580.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 19, 1993.

751

Gary E. Brotherton, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant appeals from his convictions of robbery in the first degree and armed criminal action and his consecutive ten year sentences to be served as a Class X offender. He also appeals from the denial of his post-trial Rule 29.15 motion without an evidentiary hearing. We affirm.

No issue is raised of the sufficiency of the evidence to support the verdict. Defendant entered a mini-mart early in the morning, held a gun on the clerk, took money from the cash drawer and fled.

Initially, defendant posits a *Batson* challenge.[1] The prosecution utilized two of its six strikes to remove African–Americans from the venire. Defendant discusses at length the applicable law dealing with *Batson*. We have no quarrel with the law discussed. The difficulty here is that no proper objection was made and no relief was requested. Counsel for defendant stated she wished to make a record but her record consisted solely of stating her belief that the state had stricken a Mr. Tate solely on the basis of race. That belief was never put into the form of an objection nor did counsel request any relief from the court. Before us the defendant contends that the court erred in failing to quash the jury panel. If defendant was entitled to relief under *Batson* that relief could be considerably less than quashing the entire panel. The trial court was never requested to grant any type of relief. A defendant must timely object to preserve a *Batson* claim. *State v. Parker*, 836 S.W.2d 930 (Mo. banc 1992) [9]. The rules of appellate review require an objection and a proper request for relief for us to examine on appeal matters arising at trial. *State v. McNutt*, 748 S.W.2d 408 (Mo.App.1988) [5]. The matter has not been preserved for review.

Defendant next contends that as a matter of plain error the trial court erred "when it found defendant had been convicted of armed criminal action [previously] and when it sentenced defendant as a second-time armed criminal action offender ...". This is premised on the fact that the prior armed criminal action conviction was vacated in a Rule 27.26 motion proceeding challenging the conviction on double jeopardy grounds. While we would not disagree that the trial court could not base enhancement of sentence on a vacated conviction we find nothing in the record here to indicate it did so. Defendant was sentenced as

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

a persistent offender and a Class X offender. That status he achieved on the basis of four prior felony convictions exclusive of the vacated armed criminal action conviction. Nothing in the record indicates that the trial court sentenced defendant on the armed criminal action charge on the basis of § 571.015.2, the enhancement provision and that section was not referred to in the judgment or the court's findings. The minimum penalty under that section is five years while the minimum under § 571.015.1 (sentencing for first-time armed criminal action offenders) is three years. Defendant received ten years which evidently was the time the court determined the defendant as a Class X offender deserved for this particular crime.

Defendant's next point deals with the jury instruction defining "reasonable doubt" and the position asserted has been repeatedly rejected by the Supreme Court and appellate courts of this state. We do so again.

■ Defendant's final point is that he was entitled to an evidentiary hearing on his Rule 29.15 motion on the basis that he was not brought to trial within 180 days. The record contains a request for continuance by defendant dated within 180 days of his request for disposition pursuant to § 217.460 RSMo 1986. In that request appears the following:

> Comes now attorney for defendant and notifies the prosecuting attorney and this court that defendant, Michael Clark, has this date notified counsel of the existence of an alibi witness in the above-captioned cause, the witness lives in Iowa and counsel has been unable to discuss this case with her.
>
> Michael Clark, by his signature below, hereby waives any 180 day claim that he might have in the above-captioned cause because he realizes that the late notice of alibi demands his request for a continuance in order to adequately prepare his case for trial, and therefore understands that by this request for a continuance his motion to dispose of his detainers within 180 days must now be tolled. State opposes continuances.

■ The above quoted language is a waiver of the 180 day disposition request. The record does not indicate that any subsequent request for prompt disposition under the statute was made. The request for continuance makes clear that when it was filed defendant was not ready for trial and never had been. Time during which an accused is not ready for trial is excluded from the period during which he is required to be tried under the statute. *State v. Galvan*, 795 S.W.2d 113 (Mo.App.1990) [8]. We need not determine whether after this waiver the defendant was required to refile his request for disposition to once again start the clock running. We are clear that this waiver indicating the defendant had never been ready for trial eliminates the days from the date of his request to the date of the waiver from the operation of the statute. The record is clear that from the date of the waiver to the date of the trial (minus delays caused by or requested by defendant) was less than 180 days. On the face of the record defendant was not entitled to relief on his post-conviction motion and the trial court did not err in denying an evidentiary hearing.

Judgments affirmed.

KAROHL, C.J., and GARY M. GAERTNER, P.J., concur.