**Victory A. MACKE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 63604.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 28, 1993.

Lew A. Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant pleaded guilty to driving while intoxicated (DWI), resisting arrest, driving with a revoked license, and assaulting a law officer. The trial court sentenced Defendant to three years each on Counts I and II and one year each on Counts III and IV. All the sentences were to be served concurrently with each other, but consecutively to a prior conviction.

Defendant subsequently filed a timely Rule 24.035 motion requesting his judgment and sentence be set aside for the following: (1) ineffective assistance of counsel for unfairly inducing him to plead guilty when sentences were to be served consecutively to a prior sentence; (2) the court improperly ap-

plied § 577.023 in calculating the number of Defendant's prior DWIs; and (3) the officers of the court were biased against Defendant. The motion court denied Defendant's motion by merely making a docket entry stating, "Motion overruled."

On appeal, Defendant argues, and the State concedes, the motion court clearly erred in failing to issue specific findings of fact and conclusions of law. We agree.

Rule 24.035(i) states the motion court "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held...." In *Barry v. State*, 850 S.W.2d 348, 349–50[1] (Mo. banc 1993), the Missouri Supreme Court found a memorandum to be insufficient for appellate review where the motion court summarily denied the motion without setting forth any reasons. The Court found a mere recital that the defendant is entitled to no relief does not comport with Rule 24.035(i). *Id.* Until the motion court enters sufficient findings of fact and conclusions of law, appellate review is not possible.

■ Both the State and Defendant encourage this court to review a second point related only to an issue of law, not fact. However, the exception to which they refer is that *findings of fact* are not required if the issue is only one of law. *Id.* at 350[2]; *Williams v. State*, 744 S.W.2d 814, 817[3] (Mo.App.1987). That exception will not apply where the motion court has also failed to issue conclusions of law. *Barry*, 850 S.W.2d at 350[2]. Here, the motion court has completely failed to issue any findings of fact as well as conclusions of law.

The judgment is reversed and remanded for the motion court to comply with Rule 24.035(i).

CRANDALL, P.J., and REINHARD, J., concur.