**Billy WOODY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 67207.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 14, 1995.

Application to Transfer Denied Sept. 19, 1995.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The issue in this 24.035 proceeding is whether the court had jurisdiction on August 17, 1992, to accept guilty pleas on three felony charges.

In his motion, defendant Billy Woody alleged that on October 1, 1991, he filed a request for final disposition of the indictment pending against him pursuant to § 217.450 RSMo 1994. The request was made while he was in Jefferson City. The facts presented here do not suggest his trial counsel was aware of defendant's request until after June 6, 1992. He alleged he was to be tried before June 6, 1992, and that the prosecuting attorney, defense counsel and the court met on June 9, 1992, and set a trial date for August 17, 1992. He also alleged the court lacked jurisdiction on August 17, 1992, to accept his guilty pleas because, pursuant to § 217.460 RSMo 1994, the court lost jurisdiction over the case before the pleas were offered.

The motion court denied defendant's 24.035 motion without an evidentiary hearing. It made no findings of fact on the jurisdiction issue. It entered conclusions of law, including the following:

> 2. Movant's first allegation is that the Court was without jurisdiction to accept a plea of guilty because the 180 day limit contained in § 217.460 was violated. The record reflects that movant filed a request for disposition of detainers on October 1, 1991. Thereafter, a continuance was granted at the request of movant on October 21, 1991 to December 9, 1991; further continuances were granted at the request of the state for good cause until January 27, 1992, then until March 16, 1992 and until May 18, 1992. On June 9, 1992 the parties agreed to a trial date of August 17, 1992. On August 14, 1992 movant filed a motion to dismiss alleging that he had not been tried within 180 days. This motion was denied on August 17, 1992 and movant thereafter pleaded guilty on that same date. This Court has reviewed the file and finds that the Order denying movant's motion was properly denied on August 17, 1992, and the Court therefore finds that the allegation in this proceeding is without *merit.* The record reflects that movant

agreed to the August 17, 1992 setting and that movant raised no objection at the time of his plea and sentencing. The Court in making this ruling also takes note of the recent United States Supreme Court decision in *Reed v. Farley,* 512 U.S. ——, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

If we accept defendant's facts, as alleged and presented on appeal, together with the facts offered in the state's brief, they are as follows:

1) On April 23, 1991, a grand jury indicted defendant on charges of first-degree murder, § 565.020 RSMo 1994, armed criminal action, § 571.015 RSMo 1994, first-degree robbery, § 569.020 RSMo 1994, and tampering with a witness, § 575.270 RSMo 1994.

2) On April 26, 1991, defendant was arraigned, and trial was set for May 20, 1991.

3) The court granted defendant's requests for continuances from May 20, 1991, to June 24, 1991, and then from June 24, 1991, to July 22, 1991.

4) The court granted state's requests for continuances from July 22, 1991, to September 3, 1991, and then from September 3, 1991, to October 21, 1991.

5) On October 1, 1991, defendant filed a request for disposition of indictments, information or complaints pursuant to § 217.450 RSMo 1994.

6) The court granted defendant's request for a continuance from October 21, 1991, to December 9, 1991.

7) The court granted state's request for a continuance from December 9, 1991, to January 27, 1992, and then from January 27, 1992, to March 16, 1992. In its brief the STATE suggests December 10, 1991, would be the earliest date to begin the 180-day clock.

8) The court granted state's request for a continuance from March 16, 1992, to April 20, 1992, and then from April 20, 1992, to May 18, 1992.

9) On May 22, 1992, the cause was assigned to Division 19 to set a trial date.

10) During the week of June 1, 1992, the court spoke separately to the prosecuting attorney and defense counsel and arranged

for them to meet with the court on June 9, 1992, to set a trial date.

11) On June 9, 1992, the prosecuting attorney and defense counsel met, and the court set the trial for August 17, 1992.

12) On August 12, 1992, defendant filed a motion to dismiss for lack of jurisdiction, which the court denied on August 17, 1992.

13) On August 17, 1992, defendant pleaded guilty to second-degree murder, armed criminal action and first-degree robbery.

We find the motion court erred in failing to make findings to support its conclusion of law regarding defendant's allegation that the 180–day statutory period expired before the pleas were entered. The motion court must issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. Rule 24.035(i).

■ In order to make the required finding there must be an evidentiary hearing. To be entitled to an evidentiary hearing, movant must plead facts, not conclusions, which, if true, would warrant relief. *Meyer v. State*, 854 S.W.2d 69, 70 (Mo.App.E.D. 1993). The record must not refute the allegations, and the matters of which movant complains must have prejudiced his defense. *Id.*

Pursuant to § 217.450 RSMo 1994, a prisoner may request final disposition of any untried indictment, information or complaint pending against him or her in the state. *Id.* That section also provides: "The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment." Section 217.450.1 RSMo 1994. The request provided for in § 217.450.1 is to be delivered to the Director of the Division of Adult Institutions, who is to make specific certifications and send copies of the request and certificate by registered or certified mail to the court and the prosecuting attorney to whom it is addressed. Section 217.455 RSMo 1994; *Meyer*, 854 S.W.2d at 71. The 180–day period of § 217.460 begins to run only when both the prosecutor and the court receive a defendant's request for disposition

and the director's certificate. *Id.* Unless the indictment, information or complaint is brought to trial within 180 days after the court and prosecuting attorney receive the request and certificate, or within such additional time as the court may grant for good cause, no court in the state has jurisdiction, and the court must dismiss the detainer with prejudice. Section 217.460 RSMo 1994; *Id.*

■ An unresolved factual issue remains regarding whether the prosecuting attorney received defendant's request and the director's certificate, and, if so, when he received them. The state suggests in its brief that defendant failed to prove service on the circuit attorney. It argues no valid request was made. But, there was no hearing to allow proof.

Defendant alleged in his 24.035 motion, and the motion court found in the court file defendant's envelope bearing an October 1, 1991, postmark. If the prosecuting attorney, in addition to the circuit court, received defendant's request and the director's certificate, then defendant and the Director of Adult Services complied with §§ 217.450 and .455 RSMo 1994, and the 180–day statutory period began to run. If 180 days expired before the indictment or complaint was "brought to trial," the trial court no longer had jurisdiction, and the charges must be dismissed. Section 217.460 RSMo 1994. An evidentiary hearing is required to resolve these fact issues.

The state contends that even if defendant properly filed his request for disposition of the indictment, defendant waived his request by agreeing to a trial date beyond the statutory period. The state concedes "the trial court properly found that the statutory period was tolled for sixty-nine days, up to June 6, 1992, due to appellant's affirmative act or requesting continuances." However, the state's position is that "the parties contacted each other on June 4th and agreed that they would meet on June 9th at 4:30 to set a trial date," and that defendant waived his request by meeting on June 9, 1992, and agreeing to set the trial for August 17, 1992.

There are several flaws in the state's position. First, the plea record refutes the state-

ment that "the parties contacted each other on June 4th...." At the plea hearing, the following occurred:

> (THE TRIAL COURT): All right, and at that time I then called, and I think it was at my request or at the Order of the Presiding Judge in Division 16 that the counselors contact this Court in an effort to set the case for trial. That memo is dated May 22.
>
> *On June 4 in response to that order [defense counsel] responded. I then called [the prosecuting attorney] at that time and we arranged a get-together so that we could set the case for trial.* That meeting took place on June 9 of the following week at 4:30, as my book indicates. (our emphasis).

Thus, the prosecuting attorney and defense counsel each spoke to the court separately on June 4, 1992. The *court* arranged for a meeting with counsel to be held on June 9, 1992. On June 4, 1992, defendant did not request or acquiesce to a trial setting beyond the limit of the 180–day provision. *See Kenneth–Smith v. State,* 838 S.W.2d 113, 116 (Mo.App.E.D.1992).

Second, if the 180–day statutory period tolled on June 6, 1992, as the state calculates the time, then the court no longer had jurisdiction on June 9, 1992, when the parties met with the court pursuant to the court's instructions to set a trial date. In addition, the docket sheet reflects that the *court,* and not the parties, set the trial for August 17, 1992. Again, according to the record facts available to the motion court, defendant did not request or acquiesce within the 180–day period to a trial setting beyond the limit of the 180–day provision. *Id.* If an agreement reached on June 7, 1992, were viewed as a waiver, then the prejudice is inherent and fatal in a case where defendant did not cause a delay in reaching the agreement beyond the 180 day limit. So it is here. For that reason the state's reliance on *Reed v. Farley,* —— U.S. ——, ——, 114 S.Ct. 2291, 2294, 129 L.Ed.2d 277 (1994) is misplaced. Furthermore, *Russell v. State,* 624 S.W.2d 176, 179 (Mo.App. 1981) does not apply because in that case the state announced ready for trial within the 180–day limit of the statute, and the *defense*

*counsel* requested a trial date beyond the limit in order to prepare a defense. (our emphasis). That did not occur here. If the court and the prosecutor received the speedy trial request before December 10, 1991, then they knew on June 4, 1992, that the court must dispose of the case by June 6, 1992. Defendant would not be obligated to tell them what they already knew.

We remand for an evidentiary hearing to determine if and when the court and the prosecuting attorney received defendant's request for disposition of the indictment and the director's certificate. If both received a request and it was made in accord with the statute or prior to December 9, 1991, then the trial court lost jurisdiction on June 6, 1992. The burden of proof is on defendant. *Lestourgeon v. State,* 837 S.W.2d 588, 590 (Mo.App.W.D.1992).

AHRENS, P.J., and SIMON, J., concur.