John Scott O'NEAL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 51541.

Missouri Court of Appeals,
Western District.

June 25, 1996.

Rose M. Wibbenmeyer, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kurt U. Schaefer, Assistant Attorney General, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

LAURA DENVIR STITH, Presiding Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant John S. O'Neal was charged on February 10, 1994 with second degree assault on a law enforcement officer arising out of an altercation with a guard at the Buchanan County Detention Center. On June 7, 1994, the Circuit Court of Buchanan County received and filed a demand by Mr. O'Neal for a trial on the assault charge within 180 days in exercise of "his Constitutional right to demand a fast and speedy trial." The demand, filed *pro se*, did not expressly invoke a statutory basis for a speedy disposition of his charges.

At the time of the filing of the demand, Mr. O'Neal was in the custody of the Missouri Department of Corrections at the Potosi Correctional Center pursuant to a conviction and three consecutive life sentences on offenses unrelated to the alleged assault on the jail guard. The record does not reveal when the demand was received by the Buchanan County Prosecutor, but the demand itself bears a sworn certificate that it was served on June 2, 1994.

The court's docket sheet reveals that Mr. Euler entered his appearance for Defendant on August 5, 1994. Defendant appeared in person and by Mr. Euler on September 2, 1994 and a trial date of December 5, 1994 was set. On November 21, 1994, Mr. Euler moved to withdraw as counsel on the basis that Defendant believed Mr. Euler had a potential conflict of interest. The court's docket sheet bears an entry for November 23, 1994, stating that the case remained docketed for trial on December 5, 1994.

On December 5, 1994, the 181st day after the "Request for Speedy Trial" was filed in the trial court, Mr. O'Neal appeared in person and by his new attorney, Mr. Allen, and pleaded guilty to the charge of assault on a law enforcement officer. Mr. O'Neal stated to the court that he was pleading guilty because he was guilty and the court further elicited a factual basis for the guilty plea. The court extensively questioned Mr. O'Neal in order to establish that the guilty plea was voluntary and intelligent. Mr. O'Neal further assured the court that his counsel had done everything he had requested and had not done anything he had not requested. The court accepted the plea and immediately thereafter sentenced Mr. O'Neal to a term of ten years. The sentence was ordered to run concurrently with Mr. O'Neal's pre-existing consecutive life sentences.

In February, 1995, Mr. O'Neal filed a *pro se* motion pursuant to Rule 24.035 in which he alleged that his plea was not knowing and voluntary, and in which he further alleged that the guilty plea court had no jurisdiction

to accept of the guilty plea and enter a judgment against him more than 180 days after the "Request for Speedy Trial." The motion, which was later fully incorporated in an amended motion by appointed counsel, alleged that "Trial/judgement was in violation of quick and speedy trial by not bringing me to trial within 180 days (No Jurisdiction) to hear the case."

The motion court denied the request for an evidentiary hearing, and entered findings of fact and conclusions of law in which he concluded that the guilty plea was intelligently and knowingly made. The motion court's ruling addressed only the issues specifically set out in the amended post-conviction motion, however. It did not address the speedy trial claim, which was set out in the *pro se* motion and simply incorporated by reference into the amended motion.

On appeal, Mr. O'Neal does not dispute that his guilty plea was knowing, intelligent and voluntary. Mr. O'Neal does allege that the trial court erred in failing to address his speedy trial claim and that we should remand for an evidentiary hearing on that claim.

## II. STANDARD OF REVIEW

 The motion court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. Rule 24.035(i). A summary denial of the motion does not comport with Rule 24.035(i). *Macke v. State,* 867 S.W.2d 703, 704 (Mo. App.1993). "Until the motion court enters sufficient findings of fact and conclusions of law, appellate review is not possible." *Id.*

 If the issue is a matter of law and the motion court fails to make sufficient conclusions of law, generally the judgment must be reversed and remanded to the motion court to comply with Rule 24.035(i). *Id. See also Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993). However, the motion court need not make findings of fact if the only issue presented is one of law. *Id.*

 An evidentiary hearing is generally required to determine compliance with Section 217.450 *et seq.* if the jurisdictional issue is properly raised. *Woody v. State,* 904 S.W.2d 467, 469 (Mo.App.1995); *Russell v.*

*State,* 597 S.W.2d 694 (Mo.App.1980). However, "it is within our discretion to finally dispose of a case where the record clearly demonstrates that the motion court reached a correct decision." *State v. Scott,* 829 S.W.2d 120, 122 (Mo.App.1992). *See also Nunn v. State,* 824 S.W.2d 63, 65 (Mo.App. 1991) (where a defendant is not entitled to relief as a matter of law, a remand is not required even though there are defective factual findings following a denial of an evidentiary hearing).

 "To be entitled to an evidentiary hearing, the movant must plead facts, not conclusions, which, if true, would warrant relief." *Woody,* 904 S.W.2d at 469. The record must not refute the allegations. *Id.* In determining whether there are sufficient facts to warrant the relief requested, the motion court should also take judicial notice, where appropriate, of its own files and records. *Russell v. State,* 597 S.W.2d 694, 698 (Mo.App.1980).

## III. LEGAL ANALYSIS

We find that the motion court erred in failing to reach the speedy trial issue. We also find that the record before this Court conclusively demonstrates Mr. O'Neal waived any right to complain about a speedy trial violation, however.

 The law in Missouri is well-settled that a voluntary and intelligent guilty plea constitutes a binding waiver of all *non-jurisdictional* defenses and defects. *See Hagan v. State,* 836 S.W.2d 459, 461 (Mo. banc 1992). Thus, a guilty plea waives the right to later attack the conviction on the grounds of the denial of a right to a speedy trial guaranteed by the Constitution or as provided for in § 545.780. *See Beach v. State,* 488 S.W.2d 652, 654 (Mo.1972); *Steinkuhler v. State,* 490 S.W.2d 68, 71 (Mo.1973); *State v. Abram,* 634 S.W.2d 538, 540 (Mo.App.1982). In his request for speedy trial, Mr. O'Neal mentioned only his constitutional right to a speedy trial. By pleading guilty, he waived that right, and cannot now assert a violation of his constitutional right to a speedy trial.

Apart from a constitutional right to speedy trial, Section 217.450 *et seq.* provides for a

similar right to obtain a disposition of all pending charges within 180 days after a proper request. Thus, Section 217.460 states in relevant part:

If the indictment, information, or complaint is not brought to trial within that period [180 days after a request for disposition], no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

§ 217.460, RSMo 1994.

 The right to be brought to trial within 180 days after a proper request under Section 217.450 *et seq.* is jurisdictional. *Woody v. State,* 904 S.W.2d 467 (Mo.App.1995); *State ex rel. Clark v. Long,* 870 S.W.2d 932, 942 (Mo.App.1994); *Russell v. State,* 597 S.W.2d 694, 697 (Mo.App.1980) (interpreting similar language in prior statute). For this reason, the claim of lack of jurisdiction under this section is not waived by a plea of guilty, for "when a trial court lacks jurisdiction over a criminal charge it also lacks jurisdiction to accept a guilty plea to such charge." *Id.*[1]

 However, Mr. O'Neal may not take advantage of this section for he waived his right to claim a violation of his right to speedy trial under Section 217.450 by his affirmative act at the time he requested appointment of new counsel on November 21, 1994 because of his concern that his prior appointed counsel had a conflict of interest. Paragraph 6 of that motion states:

6. Defendant previously filed a motion for a speedy trial but agrees to waive that right for the benefit of receiving new counsel.

By this statement, Defendant waived any right he would otherwise have to claim that his right to a speedy trial was violated. *See State v. Coons,* 886 S.W.2d 699, 701 (Mo.App. 1994) (40–day delay caused by defendant's request for reappointment of counsel tolled

180–day limit); *State v. Clark,* 846 S.W.2d 750 (Mo.App.1993) (motion court did not err in denying evidentiary hearing because defendant requested continuance and signed waiver of the 180–day requirement); *Murphy v. State,* 777 S.W.2d 636 (Mo.App.1989) (delay resulting from appointed counsel's conflict of interest held to constitute good cause for tolling 180–day limit; delay caused by defendant's request for change of judge also tolled statutory time limit).

As the record conclusively refutes Mr. O'Neal's allegation that his right to a speedy trial was violated, we affirm denial of his post-conviction motion without an evidentiary hearing.

All concur.

1. *See also Hagan v. State,* 836 S.W.2d 459, 461 (Mo. banc 1992) (double jeopardy prohibition is jurisdictional and is not waived by guilty plea); *State v. Mitchell,* 563 S.W.2d 18, 23 (Mo. banc 1978) (jurisdictional defects and defenses are not waived by entering a guilty plea); *Woody v. State,* 904 S.W.2d 467 (Mo.App.1995) (if defendant was not brought to trial within 180 days after a proper request under § 217.450 *et seq.,* then trial court had no jurisdiction to accept guilty plea).