Lee Daniel RUSSELL, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD 32197.

Missouri Court of Appeals,
Western District.

Sept. 29, 1981.

As Corrected Oct. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1981.

Application to Transfer Denied Dec. 14, 1981.

Gerald Kiser, Public Defender, Liberty, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

Movant appeals the judgment of the Circuit Court of Clay County denying relief pursuant to movant's Rule 27.26 motion. The judgment was entered after evidentiary hearing pursuant to the mandate in an earlier appeal of the same motion. *Russell v. State,* 597 S.W.2d 694 (Mo.App.1980).

The issue presented is whether movant's rights under the Uniform Mandatory Disposition of Detainers, § 222.100 RSMo 1978, were violated. The judgment is affirmed.

An extensive litany of events is required to present the issue. On February 8, 1978, an indictment was returned in Clay County charging movant with auto theft. Movant was at that time incarcerated in the Missouri Department of Corrections in Jefferson City on a forgery conviction.

On March 3, 1978, movant filed a request for disposition of the indictment, pursuant to Chapter 222 RSMo 1978. This request was marked "received" by the Clay County Clerk's Office on March 8, 1978. However, it was not placed in the court's file.

On March 16, 1978, the Clay County Prosecutor's Office sought and received a writ of habeas corpus ad prosequendum. It was returned unserved on March 29, 1978 because movant was not at that time at the department of corrections. A second writ issued on June 15, 1978, and movant was brought to Clay County pursuant to the writ.

On July 17, 1978, counsel was appointed for movant by the court, he was arraigned, and pleaded not guilty. The State announced ready for trial. Appointed counsel, with the defendant present, requested and received a trial setting in late September, to-wit: September 25th.

On July 19, movant's appointed attorney filed a motion for discovery. On August 3, movant, pro se, filed a motion to dismiss the indictment because he had not been tried pursuant to Chapter 222 RSMo 1978. At this time only 145 days had elapsed since the filing of the request for disposition. Copies of this motion were sent to movant's attorney and the prosecutor.

On September 5, a third writ issued, and movant was brought to Clay County on September 15. On September 21, movant's appointed attorney filed a motion to dismiss because movant had not been tried within 180 days of the disposition request. No

motion for an earlier setting nor even an oral request for expedition of the trial was ever made by movant or his counsel.

The court continued the cause after a hearing on the motion to dismiss on September 25 to a date of October 2. On September 27, the motion to dismiss was overruled. Movant pled guilty to one charge of auto theft on September 28, after bargaining for a nolle pros on two other auto theft charges.

Movant filed his 27.26 motion on October 17, 1978, and a supplemental amendment to the motion of February 20, 1979. These motions alleged that movant had not been tried within 180 days, and that the court was without jurisdiction to accept his guilty plea. The attorney general's office filed a motion to dismiss on February 22, 1979, and the court sustained the motion on February 27, with reasons.

Movant appealed the court's order, and this court reversed on April 4, 1980 and remanded the cause for an evidentiary hearing, *Russell v. State, supra.*

Upon the remand, an evidentiary hearing was held on July 21, 1980, to determine whether movant or his attorney had consented to a trial setting outside the 180-day period. The court determined that movant had requested a setting outside the period and could not complain, on September 5, 1980.

The current controversy centers around the evidentiary hearing upon remand and the events at the original arraignment.

At the hearing movant called the Deputy Circuit Clerk of Clay County and the acting Circuit Clerk of Clay County, and both stated that they had received and stamped the request for disposition but that apparently it was not placed in the court's file. It "could have been" taken to the prosecutor's office.

Movant testified that he was in the state penitentiary at the time and immediately filed the request for disposition upon receiving notice of the indictments. He received a receipt from the warden upon filing, and he believed that it was filed in the middle of March. He remembers being brought to Clay County in July of 1978, receiving an appointed attorney, being arraigned, and pleading not guilty. He and the attorney had never met prior to this time, and he remembered the trial being set for September 25.

The next witness was Gerald Kiser, defendant's attorney in the 27.26 proceeding. He stated that Mike Thomas was the public defender appointed to represent movant on the auto theft charges. Kiser stated that in September he learned that a request for disposition had been filed and that he looked through the court file for the request and could not find it. At the insistance of defendant he looked again and finally found a copy of the request in the prosecuting attorney's file. He immediately filed a motion to dismiss several days before the case was to be brought to trial, after the 180-day period had expired.

The court reporter who participated at the arraignment of movant in July of 1978 testified as to the proceedings on that day. That record shows the following:

MR. THOMAS [Public Defender]: Not Guilty, Your Honor.

MR. DAVIDSON: State announces ready for trial, Your Honor.

THE COURT: State has announced ready for trial. How much time do you need, Mr. Thomas, to prepare your defense in this case?

MR. THOMAS: Your Honor, I would ask for a setting sometime during late September.

THE COURT: September the 25th. I've made this entry; "Comes now state by assistant prosecuting attorney and defendant in person and by attorney, Mike Thomas. Defendant arraigned and defendant enters plea of not guilty. State announces ready for trial and cause set for trial the 25th day of September, 1978, at 9 o'clock a. m."

Movant asserts dual error in the denial of his 27.26 motion stemming from a common source. He initially asserts that since he was not tried within 180 days of the filing of his request for disposition, and since no

additional, necessary, or reasonable time was granted by the court on a showing of good cause, that the court was without jurisdiction to accept his guilty plea. If his assertion is correct as to the absence of an extension granted for good cause, then under this court's prior opinion in the case, the court was without jurisdiction to accept his plea.

Movant's fallback position is that even if an extension until September 25 was granted upon good cause, no such cause supports the continuance from September 25 until October 2.

■ The issue simply stated is whether a request for a trial setting *by defendant's counsel* for a trial date beyond the 180-day limit of the statute entitles the defendant to discharge. No Missouri case law reaches the issue, but common sense dictates the result in the instant case. The State announced ready, and presumably, the trial could have been conducted within the 180 days. It was the defendant who requested the late September setting granted by the trial court. The defendant was present and voiced no objection until after he believed the 180 days had passed. To hold that a defendant can demand a trial within 180 days, then on the basis of time to prepare for trial request and receive a setting beyond 180 days and still claim a right to discharge borders on the ludicrous.

In three other jurisdictions under very similar facts, the courts have refused similar claims. A Colorado case, *Chambers v. District Court In & For Cty. of Arapahoe*, 180 Colo. 241, 504 P.2d 340 (banc 1972), presents remarkably comparable facts. Trial was set beyond the 90-day limit of the Colorado statute without objection—in fact, with express acquiescence of defense counsel. Defense counsel also sought and obtained a continuance of pretrial conference. The Colorado Supreme Court found a waiver holding that the actions of defense counsel with the defendant present waived the statute. The Supreme Court of North Dakota in *State v. Carlson*, 258 N.W.2d 253 (N.D.1977), denied a claim where the trial setting was delayed beyond the 90-day period of the North Dakota statute because of

conflicts with defense counsel's schedule interfering with earlier settings. The language of the court is particularly appropriate here:

> The record is completely devoid of any action taken by the defendant which would indicate his dissatisfaction with the trial date or the agreement with counsel, except for the writ of habeas corpus filed by the defendant without the aid of his court-appointed counsel. The defendant may not have things both ways. He may not have the benefit of a delay and then turn about and charge the State with such delay.

*Id.* at 258.

Utah, in *State v. Bonny*, 25 Utah 2d 117, 477 P.2d 147 (1970) reached a similar result when defense counsel requested a setting outside the statutory limit.

These cases are persuasive and their rationale and holding are adopted.

■ The second prong of the movant's claim is likewise without merit. When defendant filed the motion to dismiss on September 21, the trial was set on September 25. The court heard the motion on the 25th, certainly within a reasonable time. It was ruled with dispatch on the 27th. The trial court had, on the 25th, reset the case for trial on October 2nd. That was certainly a reasonable continuance to permit a ruling of the motion. That delay was likewise attributable to the defendant and within the rationale adopted in this opinion constituted a continuance for good cause. *State v. Carlson, supra.* To hold otherwise would permit a defendant to delay a trial within the 180-day period but close to its termination, by filing a motion and demanding a hearing and then asserting the loss of jurisdiction by the trial court based on that action undertaken to benefit the defendant.

It may be that the movant will argue inconsistency with our prior opinion by quoting:

> The trial court obviously overlooked or misconceived the pronounced and far-reaching jurisdictional implications of Section 222.100, *supra*, when properly initiated requests for trial are not timely

complied with. Instead, it chose to view Russell's rights under the Uniform Mandatory Disposition of Detainers Law in the limited context of a statutory right which could be and had been waived. Doing so was error.

*Russell, supra* at 698.

Read in the abstract, that language might be considered to be contrary to the holding in the instant case. The quoted language, however, must be read in the factual context of the prior appeal. In the prior appeal, the facts showed only a record entry of a setting beyond 180 days and a guilty plea thereafter. The request by defendant for that extension as now appears was not shown. Properly understood, the quoted language from our prior opinion means only that if a setting beyond the limit of the statute is made without request of defendant or without his acquiescence, the court loses jurisdiction, and the defendant does not waive the statute by a subsequent plea. Nor does it mean that, if the state seeks and obtains a continuance for good cause to a date beyond the 180 days, such action causes a loss of jurisdiction. The statute is imperative, but only when the state has failed in its burden of pressing for a prompt trial setting given the circumstances of the case.

Nonetheless, our cases have made plain the risks of dismissal which the state may run if it fails to protect the public interest in a speedy trial. For a case emphasizing the duty of the state to take steps to bring the defendant to trial in 180 days under this statute, see *State ex rel. Saxton v. Moore*, 598 S.W.2d 586 (Mo.App.1980). Nor does the failure of the defendant to claim a speedy trial under § 545.780 RSMo 1978, the speedy trial statute, waive the requirement for speedy trial. *State v. Richmond*, 611 S.W.2d 351 (Mo.App.1980). In *Richmond*, the court notes that under both 222.100 RSMo 1978 and under § 545.780 RSMo 1978, there exists a public interest in a speedy trial separate and apart from the defendant's right to speedy trial and that it is the duty of the state to press for a speedy trial. *Richmond*, however, was a proceeding under § 545.780 RSMo 1978 and what was there said concerning the requirement of a finding of fact by the trial court in connection with a continuance has no application under § 222.100 and hence not to the instant case. This is so because the express statutory language of § 222.100 RSMo 1978 permits a stipulated continuance or one granted on notice and opportunity to be heard.

The statute is not a straitjacket, and it does not constitutionalize the 180-day period as an absolute, constitutional right for which there must be an express waiver. *Chambers, supra* 504 P.2d at 341; *State v. Richmond, supra* at 354; *Barker v. Wingo*, 407 U.S. 514, 528–29, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972).

In this case, the state announced ready for trial and the defendant requested the late September setting to prepare for trial. The court set the case for September 25th, the defendant and his counsel being present. The defendant certainly knew of his request for the disposition of the charge under § 222.100 RSMo 1978, and he acquiesced in the setting. The defendant cannot now complain of violation of § 222.100.

Judgment affirmed.

All concur.