**Jerry C. DUNCAN, Defendant–Appellant,**

v.

**STATE of Missouri, Plaintiff– Respondent.**

**No. 63260.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 9, 1993.

Lew Kollias, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Jerry C. Duncan, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On May 24, 1991, a complaint, in the form of a sworn affidavit, was filed charging defendant with five counts of sale of a controlled substance and three counts of unlawful use of a weapon. On July 19, 1991, while confined in the St. Francois County Jail, defendant was sentenced in the Circuit Court of Washington County to imprisonment for four years in the Missouri Department of Corrections in an unrelated case for possession of methamphetamines.

On July 22, 1991, defendant executed a pro se, "Request, Notice & Demand for a Speedy Trial on All Charges Against Me. *Case No. # CR791–989F* Consisting of 8 (Eight) Counts." On July 27, 1991, defendant was delivered to the Missouri Department of Corrections. On July 29, 1991, defendant's request was filed.

On August 27, 1991, an indictment was returned charging defendant with six counts of sale of a controlled substance and three counts of unlawful use of a weapon in cause # CR591–14F. The charges were identical to those in cause # CR791–989F except that one additional charge of sale of a controlled substance was added.

Defendant filed an "Inmates Request for Disposition of Indictment, Informations or Complaints" on October 9, 1991, in cause # CR591–14F, pursuant to the Uniform Mandatory Disposition of Detainers Act (UMDDA), § 217.450, et seq., RSMo Cum. Supp.1992. On October 17, 1991, the prosecutor entered an order of nolle prosequi in cause # 791–989F which dismissed the complaint pending in associate court.

On October 18, 1991, defendant filed a motion for a change of venue, which the court granted and the cause was ordered transferred to Washington County for trial on March 31, 1992. The file was delivered to Washington County on January 23, 1992. On February 3, 1992, defendant requested a continuance for pre-trial motions, and the cause was continued to February 24, 1992. On March 18, 1992, defendant filed a motion to dismiss on the grounds that the court lacked jurisdiction under § 217.450 et seq., RSMo Cum.Supp.1992, in that more than 180 days had passed since defendant's request for disposition of pending charges. The trial court overruled defendant's motion after a hearing. On March 27, 1992, defendant pleaded guilty to three counts of sale of a controlled substance, and pursuant to a plea agreement, the remaining charges were dismissed. Defendant was sentenced to five years, fifteen years, and fifteen years with all sentences to run concurrently with each other and with defendant's prior four year sentence from Washington County.

■ On appeal, defendant claims that he complied with the requirements for a request for a final disposition pursuant to § 217.450 of the UMDDA in his motion filed July 29, 1991. Therefore, he argues that the failure to bring him to trial within the 180–day requirement of the UMDDA deprived the trial court of jurisdiction.

Section 217.450 provides:

1. Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state against him while so imprisoned. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

Section 217.455 specifically states:

The request provided for in section 217.450 shall be delivered to the director, who shall forthwith:

(1) Certify the term of commitment under which the offender is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the offender, and any decisions of the state board of probation and parole relating to the offender; and

(2) Send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting attorney to whom it is addressed.

Defendant's pro se motion filed July 29, 1991, on cause # CR791–989F was merely a request for a speedy trial pursuant to § 545.-780 RSMo 1986. It did not invoke the rights under §§ 217.450–217.490. Defendant's motion for a speedy trial did not comply with the requirements of § 217.450 and § 217.455. First, defendant was confined in the St. Francois County Jail when he executed his request and not in a department correctional facility as required by § 217.450(1). Secondly, the request was only addressed to the prosecuting attorney and not also to the court pursuant to § 217.450(1). The request was never delivered to the director as required by § 217.455. Therefore, no certificate from the Director of Corrections was provided which certified the term of commitment under which the defendant was being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility and any decisions of the state board of probation relating to the defendant. § 217.455(1). Also, the request

was not sent certified mail, receipt requested to the prosecutor. § 217.455(2). Because of these reasons defendant did not invoke the right under § 217.460 to have his case dismissed for lack of jurisdiction.

■ Defendant filed a request for a speedy trial only in case # CR791–989F. Such a right is specific to that case and does not carry forward to any new charge even if based on similar facts. Therefore when the state nolle prossed case # 791–989F, defendant's July 29, 1991, request for a speedy trial for case # 791–989F became moot. Nothing in the record indicates that the nolle prosequi was done for the purpose of hindering defendant's right to a speedy trial. To the contrary, the prosecutor dismissed the complaint because an indictment was returned formally charging defendant with six counts of sale of a controlled substance and three counts of unlawful use of a weapon. The charges were identical to those in the complaint except one additional charge of sale of a controlled substance was added.

Although defendant did invoke the rights under § 217.450–217.490 with his October 9, 1991, request, the 180–day time limit had not passed when defendant pleaded guilty on March 27, 1992. The trial court had jurisdiction to accept defendant's guilty plea. Defendant's point is denied.

The judgment of the trial court is affirmed.

REINHARD, and CRIST, JJ., concur.