**Kendall TILLMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 69628.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 30, 1997.

Application to Transfer Denied
March 25, 1997.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Kendall Tillman ("Defendant") appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for postconviction relief. We affirm.

Defendant pleaded guilty to one count of stealing, third offense, § 570.040, RSMo 1994,[1] and one count of assault, third degree, § 565.070, for which he was sentenced to concurrent terms of seven years' imprisonment and one year imprisonment respectively. Defendant filed a Rule 24.035 motion alleging, inter alia: (1) that the trial court was without jurisdiction to accept his guilty pleas because they were entered more than 180 days after his request for a speedy trial, and (2) that his plea was not intelligently or voluntarily made as it was based upon his trial attorney's false assurances concerning his sentencing. This motion was denied without an evidentiary hearing.

On appeal, Defendant claims that this matter must be remanded for an evidentiary hearing because the motion court's findings of fact and conclusions of law do not address Defendant's claim that he was denied a speedy trial. Defendant also contends the denial without hearing was error because the record does not clearly refute either of the above claims in Defendant's motion.

This court's review is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j). Such findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, this court is left with "the definite and firm impression that a mistake has been made." *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991), citing *Day v. State*, 770 S.W.2d 692, 695–96 (Mo. banc 1989).

Defendant's motion first claimed that he was denied his statutory right to a speedy

trial under the Uniform Mandatory Disposition of Detainers Law §§ 217.450–490 ("UMDDL"). This statute provides that any person confined in a correctional facility may request a final disposition of any untried indictment, information or complaint. § 217.450.1. Once such a request is made the state has 180 days to bring the cause to trial. After this time has elapsed, no court of this state has jurisdiction over the matter and the indictment, information or complaint shall be dismissed with prejudice. § 217.460.

Defendant made a request for a speedy trial on January 26, 1994. His plea was not taken by the trial court until November 14, 1994. Defendant argues that since this is a gap of more than 180 days, the trial court was without jurisdiction to enter the plea or pronounce sentence upon it.

This court has held that for a defendant to obtain the protection of the UMDDL, a detainer must be filed against him. *See State v. Smith*, 849 S.W.2d 209, 213 (Mo.App. E.D.1993); § 217.450.[2] Defendant did not allege in his motion or present any evidence here that a detainer had been filed related to the charges against him. To be entitled to an evidentiary hearing, movant must plead facts, not conclusions, which, if true, would warrant relief. *Meyer v. State*, 854 S.W.2d 69, 70 (Mo.App. E.D.1993); *Woody v. State*, 904 S.W.2d 467, 469 (Mo. App. E.D.1995). As Defendant failed to allege that a detainer had been filed against him, it was not error to deny his motion without a hearing.

Defendant also claims that at the very least we must remand back to the motion court on this point because the court's findings of fact and conclusions of law were deficient as they did not address Defendant's claim under UMDDL. Where a defendant is not entitled to relief as a matter of law, the deficiencies, if any, in the findings and conclusions drawn by the motion court do not necessitate a remand for additional findings and conclusions. *Nunn v. State*, 824 S.W.2d

1. All further statutory references are to RSMo 1994.

2. Although not in effect when Defendant's request was made, § 217.450.1 was amended in 1995 to expressly codify the holding of *Smith*—

that disposition of only complaints, informations or indictments upon which "a detainer has been lodged against him while so imprisoned," is proper under this section.

63, 65 (Mo.App. E.D.1991). Here, Defendant's motion, on its face, did not allege facts sufficient to warrant relief. Thus, there are no factual issues to resolve and an evidentiary hearing is not required. Point denied.

Defendant finally complains he is entitled to an evidentiary hearing because his allegation that his attorney erroneously promised that he would receive a sentence of no more than five years' probation or three years' imprisonment was not refuted by the record. We disagree. The judge clearly advised Defendant that he would make a "truly independent" determination of his sentence. When asked by the court, Defendant also stated that he knew there had been no promises made with respect to the amount of time he might have to serve or the possibility of probation. This being the case we cannot find that the motion court clearly erred in finding Defendant's allegations refuted by the record. Point denied.

The judgment of the motion court is affirmed.

REINHARD and GARY M. GAERTNER, JJ., concur.