Stephen E. **CARSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 22438.

Missouri Court of Appeals, Southern District, Division Two.

June 30, 1999.

Motion for Rehearing or Transfer Denied July 22, 1999.

Application for Transfer Denied Aug. 24, 1999.

Craig A. Johnston, Columbia, for Appellant.

Jeremiah (W.) Jay Nixon, Attorney General and Gregory L. Barnes, Assistant Attorney General, Jefferson City, for Respondent.

Before MONTGOMERY, J., GARRISON, C.J., and BARNEY, J.

**94**

PER CURIAM.

Stephen E. Carson ("Movant") appeals the denial of his Rule 24.035[1] motion, claiming that the trial court was without jurisdiction to accept his plea of guilty. He was charged with three counts of selling a controlled substance in a complaint filed in the Associate Circuit Court of Camden County on August 24, 1994, as Case No. CR294–1991F. Thereafter, the following occurred:

July 14, 1995: Movant was delivered to the Missouri Department of Corrections to begin serving a sentence on an unrelated charge.

July 28, 1995: The Warrant Officer of the Camden County Sheriff's Department wrote the Fulton Diagnostic Center stating, "We do not wish to place a detainer on [Movant] at this time but would like to be notified thirty (30) days prior to his release."

August 28, 1995: Section 217.450.1, RSMo 1994, was amended to specifically require the filing of a detainer before an inmate in a correctional facility can request final disposition of a pending charge.[2]

September 25, 1995: Movant filed a "Motion for Speedy Trial and Final Disposition of Detainers," citing Sections 217.450 and 217.460, RSMo 1986.

November 20, 1995: Movant's attorney advised the court that the case needed to be set for a preliminary hearing; the court set a preliminary hearing for November 22, 1995.

November 22, 1995: Movant waived a preliminary hearing and was bound over to the circuit court.

January 8, 1996: Movant appeared in circuit court with counsel, was arraigned, and pleaded not guilty to each count.

January 11, 1996: Movant filed an application for change of judge and change of venue.

February 9, 1996: Movant's application for change of judge was sustained.

February 14, 1996: Movant's application for change of venue was sustained and the case was transferred to Laclede County.

February 26, 1996: The case was received in Laclede County and assigned Case No. CR396–2FX.

March 13, 1996: The court set the case for trial on September 3, 1996.

July 22, 1996: Movant filed a motion to dismiss with suggestions in support based on Section 217.490, et seq., RSMo 1994, alleging that the letter of July 28, 1995, from the Warrant Officer to the Fulton Diagnostic Center

---

1. All references to rules are to Missouri Rules of Criminal Procedure (1998) unless otherwise indicated.

2. Prior to the amendment, Section 217.450.1 provided in pertinent part:

Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state against him while so imprisoned.

Subsequent to the amendment, Section 217.450.1 provides in pertinent part:

Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned.

Section 217.460, RSMo 1994, which was not amended provides:

Within one hundred eighty days after the receipt of the request and certificate, pursuant to Sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. . . . If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

was sufficient to invoke his rights pursuant to Section 217.490 which he implemented by his motion of September 25, 1995, requesting final disposition of the charges pursuant to the Uniform Mandatory Disposition of Detainers Law. Because more than 180 days had elapsed since that motion, he alleged that he was entitled to have the charges dismissed.

July 30, 1996: The State filed a formal request for a detainer against Movant.

August 1, 1996: Movant was released on parole from the Department of Corrections and delivered to the custody of the Laclede County Sheriff's Department.

August 26, 1996: Movant filed an amended motion to dismiss pursuant to Section 217.450, *et seq.*, RSMo 1994. Movant also made an open plea of guilty to one of the counts and the State agreed to dismiss the other two charges.

October 28, 1996: Movant was sentenced to ten years imprisonment.

January 21, 1997: Movant filed a "Motion to Vacate, Set Aside or Correct the Judgment or Sentence" (Rule 24.035 motion).

December 19, 1997: Movant filed a "Waiver of Evidentiary Hearing and Request for Ruling," contending that the files and records of the case conclusively showed that he was entitled to relief.

January 9, 1998: The motion court entered "Findings of Fact and Conclusions of Law" denying Movant's Rule 24.035 motion. It found that Section 217.450.1, as amended in 1995, applied to this case because the amendment took effect prior to Movant's "Motion for Speedy Trial and Final Disposition of Detainers"; the amendment to the statute was procedural in nature; and, although the amendment specifically required the filing of a detainer, no detainer was filed until July 30, 1996, less than 180 days prior to Movant's

entry of a plea of guilty. Accordingly, the motion court held that the trial court had jurisdiction to accept Movant's plea.

On this appeal from the denial of his Rule 24.035 motion, Movant contends that the trial court was without jurisdiction to accept his plea of guilty because he was not brought to trial within 180 days following his September 25, 1995, request for final disposition of the charges pursuant to Sections 217.450–.485, known as the Uniform Mandatory Disposition of Detainers Law (UMDDL). He argues that the amendment to Section 217.450.1, requiring the filing of a detainer before entitling a defendant to request final disposition of pending charges, did not apply to his case because it occurred after the charges were filed against him and, even if the amendment did apply, the letter from the Sheriff's Office qualified as a detainer. Under either of these scenarios, Movant argues that more than 180 days expired after his request for a speedy trial and final disposition of the charges and, as a result, the trial court lost jurisdiction to entertain his guilty plea. This being an appeal from the denial of a Rule 24.035 motion, our review is limited to making a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j).

Movant contends that the pre-amendment version of Section 217.450.1 applies because that was the version of the statute in effect when *the charges were initially filed* against him. Under that version, no detainer was necessary for him to have been entitled to demand final disposition of pending charges. *State ex rel. Clark v. Long,* 870 S.W.2d 932, 939 (Mo.App. S.D. 1994). *But see State v. Smith,* 849 S.W.2d 209, 213 (Mo.App. E.D.1993); *Tillman v. State,* 939 S.W.2d 388, 389 (Mo.App. E.D. 1996). Consequently, he argues that he was entitled to file his motion requesting final disposition of the charges in September 1995, regardless of whether a detainer had been filed, and that more than 180

days elapsed after his motion without the charges being disposed of. Conversely, the State argues that the post-amendment version of Section 217.450.1 applies because it was in effect when *Movant's request was filed* and, since a detainer was not filed until July 30, 1996, 180 days did not elapse before Movant's guilty plea. The initial issue, therefore, is which version of the statute applies to Movant's request.

■ Movant cites *State v. Laramore*, 965 S.W.2d 847 (Mo.App. E.D.1998), as authority for his premise that the pre-amendment version of Section 217.450.1 applies to the instant case because the charges were pending prior to the amendment. *Laramore*, however, is not authority for that proposition. *Laramore* was transferred to the Missouri Supreme Court by the Eastern District of this Court due to a conflict between the appellate districts as to whether the pre-amendment version of Section 217.450.1 required a detainer to be filed in order to invoke the provisions of the UMDDL. The State contended that the pre-amendment version did require the filing of a detainer. While the case was pending in the Missouri Supreme Court, the defendant filed a supplemental legal file demonstrating that a detainer had, in fact, been filed by the State, and the case was retransferred to the Eastern District. In its opinion, the Eastern District held that because a detainer had been filed, the State's contention that the statute required such a filing was no longer relevant, and it declined to discuss the issue further. *Id.* at 849. We do not perceive *Laramore* as authority for the proposition that the pre-amendment version of Section 217.450.1, as opposed to the 1995 amended version, applies to a case where charges were initially filed against the defendant prior to the amendment, but a request for final disposition of those charges was filed after the amendment took effect.

■ Movant cites no other authority in support of this contention. Failure to cite relevant authority preserves nothing for review. *State v. George*, 921 S.W.2d 638, 645 (Mo.App. S.D.1996). It is a movant's obligation to cite appropriate authority. *Id.* If no authority is available, there should be an explanation as to why none is available. *Id.* Where, as here, the movant neither cites relevant authority nor explains why none is available, we are entitled to consider the point abandoned. Certainly, Movant has failed to sustain his burden of demonstrating clear error in the motion court's conclusion that application of the amended version of the statute was appropriate.

■ Alternatively, Movant argues that the letter from the Camden County Sheriff's Department to the Department of Corrections qualified as a *de facto* detainer. That letter, signed by the "Warrant Officer," said, "We do not wish to place a detainer on [Movant] at this time but would like to be notified thirty (30) days prior to his release." It also said that if there were questions, the writer or the prosecuting attorney's office should be contacted. Carbon copies were shown sent to the prosecuting attorney and to the Camden County Associate Circuit Court.

The UMDDL provides for the prompt disposition of detainers based on untried state charges pending against a prisoner held within the state's correctional system. *State ex rel. Kemp v. Hodge*, 629 S.W.2d 353, 354 (Mo. banc 1982). Missouri has also, along with almost all other jurisdictions, entered into an "Agreement on Detainers," Sections 222.160–.220, RSMo, (the "Agreement"), which applies to criminal charges pending against a prisoner in another jurisdiction's correctional system. *Id.* at 355. The Agreement and the UMDDL are in *pari materia*, both provide for a defendant to be brought to trial within a prescribed 180–day limit, they are construed in harmony with each other, and the principles of one may be applied to the other. *Murphy v. State*, 777 S.W.2d 636, 638 (Mo.App. W.D.1989).

The Agreement has required the filing of a detainer to activate its provisions since its inception. As indicated above, the UMDDL now contains the same requirement. Cases decided pursuant to the Agreement are, therefore, persuasive in construing the meaning of the term "detainer" as used in the UMDDL. In *United States v. Mauro*, 436 U.S. 340, 359, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978), the United States Supreme Court noted that "a detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." The Court also stated that "a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison." *Id.* This court has cited with approval the definition of a detainer from *Mauro. See Hicks v. State*, 719 S.W.2d 86, 90 (Mo.App. S.D.1986). *See also State ex rel. Kemp*, 629 S.W.2d at 354; *State ex rel. Clark*, 870 S.W.2d at 935.

A detainer has also been defined by the United States Supreme Court as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, *or that the agency be advised when the prisoner's release is imminent.*" (Emphasis added). *Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). *See also Fex v. Michigan*, 507 U.S. 43, 44, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993); *Poe v. Caspari*, 39 F.3d 204, 206 (8th Cir.1994); *State v. Bronkema*, 109 Idaho 211, 706 P.2d 100, 103 (1985). In *Carchman*, the Court noted the provisions of Article I of the Agreement stating that the purpose is "to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." 473 U.S. at 720, 105 S.Ct. 3401. In keeping with that purpose it has been said, concerning the meaning of a detainer under the Agreement, that "the detainer requirement [of the Agreement] is simply to ensure that prison officials in a 'sending state' have in fact received official notice of criminal charges pending in another state against an inmate; it is not intended to impose technical requirements regarding the form of that notice, as such technical requirements would frustrate the very purpose of the agreement by rendering it inapplicable in many cases where prison officials have in fact been notified that charges are pending in another state against one of their inmates." *State v. Wells*, 94 Ohio App.3d 48, 640 N.E.2d 217, 220 (10 Dist.1994).

Under this backdrop of authority, we must decide whether the letter from the Warrant Officer of the Camden County Sheriff's Department qualified as a detainer, thereby permitting Movant to invoke the provisions of the UMDDL. We hold that it did. The letter requested notification thirty (30) days prior to Movant's release, thereby satisfying the criteria from cases such as *Carchman* and *Fex*, that an agency's request for notification when the prisoner's release is imminent can constitute a detainer. Furthermore, because the letter from the Warrant Officer invited questions not only to herself, but also to the prosecuting attorney, and it showed a carbon copy being sent to the Camden County Associate Circuit Court as well as to the prosecutor's office, it sufficiently indicated that a charge was pending against Movant.

To hold that the letter did not qualify as a "detainer" would be to place form over substance. We recognize that the Warrant Officer said that she did not wish to place a detainer on Movant "at this time," but the letter then proceeded, in effect, to accomplish that result by asking for an advance notice of Movant's release and implying that there was a pending charge. It, therefore, qualified as a "detainer" pursuant to the authorities cited above. To hold otherwise because of the statement in

the letter that Camden County did not wish to "place a detainer on [Movant] at this time" would permit a criminal justice agency to obtain the effect of placing a detainer on a defendant without permitting the defendant to have the corresponding rights afforded by the UMDDL. Accordingly, we hold that the letter in question did qualify, under these circumstances, as a detainer, thereby entitling Movant to request the disposition of the charges under the UMDDL.

■ The State contends that if the letter qualified as a "detainer," Movant waived any right to rely on the provisions of the UMDDL by pleading guilty. Although, at first blush, this argument seems bathed in reason, the authorities indicate otherwise.

■■ Section 217.460, RSMo 1994, provides in part that if the indictment, information or complaint is not brought to trial within 180 days after the receipt of the request from the prisoner, "no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice." [3] This establishes that the right to be brought to trial within 180 days after a proper request under Section 217.450 is jurisdictional. *O'Neal v. State*, 925 S.W.2d 480, 483 (Mo.App. W.D.1996). Unlike the right to a speedy trial guaranteed by the Constitution, which may be waived by a plea of guilty, a claim of lack of jurisdiction by reason of the UMDDL is not waived by a plea. *Id.* at 482-83. This is because a court that lacks jurisdiction over a criminal charge also lacks jurisdiction to accept a plea of guilty to that charge. *Id.* In *O'Neal*, however, the defendant waived the right to claim that his right to a dismissal under the UMDDL was violated because he specifically agreed to waive its application in order to obtain new counsel. There

is no indication of such a waiver in the instant case.

In *Russell v. State*, 597 S.W.2d 694, 697 (Mo.App. W.D.1980), the court said that the provisions of the UMDDL are not drenched in doubt or ambiguity, and "a loss of subject matter jurisdiction inexorably occurs by operation of law when an imprisoned person who has initiated a proper request is not brought to trial within the appropriately determined statutory time period." Such a lack of jurisdiction results in a lack of jurisdiction to accept a guilty plea. *Id.* Accordingly, the court said that "[a]s a lack of jurisdiction over the subject matter may not be waived, a plea of guilty to a charge over which the trial court lacked jurisdiction is a nullity and cannot be redeemed on the ground that the plea of guilty waived the jurisdictional defect." *Id.* at 697–98.

In *Russell*, the court remanded the case to the trial court for an evidentiary hearing to determine if the time limit under UMDDL had been extended or the case continued so as to come within the exception under the statute. *Id.* at 698. After an evidentiary hearing on remand, the trial court held that the defendant had requested and received a trial setting beyond the 180-day limit and, therefore, was not entitled to be discharged. On appeal, the court, on the basis of its earlier opinion, acknowledged the validity of defendant's general premise that if he was not tried within 180 days after the filing of a request for disposition, and no additional, necessary or reasonable time was granted by the court on a showing of good cause, the court was without jurisdiction to accept his guilty plea. *Russell v. State*, 624 S.W.2d 176, 178–79 (Mo.App. W.D.1981). The appellate court identified the issue as whether a request for a trial setting by defendant's counsel for a date beyond the 180-day statutory limit entitles him to a discharge from the charges. *Id.* at 179. In

---

3. The 180-day time limit may be extended for "such additional necessary or reasonable time as the court may grant, for good cause shown in open court. . . ." Section 217.460.

answering that question in the negative, the court said that it bordered on the ludicrous to argue that a defendant can demand a trial within 180 days, then, on the basis of time to prepare for trial, request and receive a setting beyond the 180–day limit, and still claim the right to discharge. *Id.* In reaffirming its earlier opinion, the court said that it stood for the principle that "if a setting beyond the limit of the statute is made without request of defendant or without his acquiescence, the court loses jurisdiction, and the defendant does not waive the statute by a subsequent plea." *Id.* at 180. *See also Woody v. State,* 904 S.W.2d 467, 469–70 (Mo.App. E.D.1995).

In the instant case, there is no suggestion that Movant sought or agreed to a trial setting beyond the 180–day limit. Likewise, there is no suggestion that he agreed to waive his rights pursuant to the UMDDL. Under such circumstances, the above authorities stand for the proposition that Movant's subsequent plea of guilty did not waive his right to a discharge based on the UMDDL because the plea court was without jurisdiction to accept the plea. As said in *Russell,* 597 S.W.2d at 698,

> However paradoxical Russell's guilty plea and present disposition of this case may be, the record on appeal makes it facially inevitable by reason of the legislatively mandated terminal result built into Section 222.100, [RSMo 1978], complete and total loss of jurisdiction once the properly triggered time period has run its course without the occurrence of a trial.[4]

We are compelled to reach the same conclusion here.

■ The State also contends, however, that if it violated the UMDDL, and such violation deprived the trial court of subject matter jurisdiction as contended by Movant, it was an issue that should have been raised in a direct appeal as opposed to a post-conviction motion. This position ignores the fact that Rule 24.035(a) specifically provides that a claim that the court imposing the sentence was without jurisdiction to do so may be raised in a motion filed pursuant to that Rule. "Jurisdiction," as used in Rule 24.035(a), means subject matter jurisdiction which cannot be waived and may be raised in a motion filed pursuant to that Rule. *Jamison v. State,* 918 S.W.2d 889, 891 (Mo.App. W.D.1996). Missouri courts, on several occasions, have considered whether trial courts lost jurisdiction, because of the UMDDL, in appeals from the denial of post-conviction motions. *See O'Neal,* 925 S.W.2d 480; *Woody,* 904 S.W.2d 467; *Russell,* 624 S.W.2d 176; *Russell,* 597 S.W.2d 694. The same is true with reference to jurisdictional issues arising pursuant to the Agreement. *Hicks,* 719 S.W.2d at 90.

■ One final point made by the State requires discussion. It contends that Movant's request for a disposition of the pending charges was filed in the Camden County case, under Case No. CR294–1991F, before there was a change of venue to Laclede County. In Laclede County, the case was assigned Case No. CR396–2FX. Consequently, it theorizes that the request did not apply to the Laclede County case. In support, it cites *Duncan v. State,* 864 S.W.2d 431 (Mo.App. E.D.1993), for the proposition that a request pursuant to the UMDDL applies only to the specific case number in which it is filed. In *Duncan,* however, the defendant was charged in a complaint with the sale of a controlled substance (Case No. CR791–989F) and, while confined in the county jail, he filed a "Request, Notice & Demand for a Speedy Trial." He was thereafter delivered to the Department of Corrections to serve a sentence on an unrelated charge. Later, an indictment was returned against him (Case No. CR591–14F) charging the same offenses as charged in Case No. CR791–989F, plus one other charge; the defendant filed an "Inmates Request for Disposition of Indictment, Informations or Com-

---

4. Section 222.100, RSMo 1978, is the prede- cessor to Section 217.460, RSMo 1994.

plaints" pursuant to the UMDDL in Case No. CR591–14F; the prosecutor dismissed Case No. CR791–989F; defendant filed a motion for change of venue and the case was transferred to another county; and defendant filed a motion to dismiss alleging that the court lacked jurisdiction pursuant to the UMDDL. That motion was overruled and defendant pleaded guilty in Case No. CR591–14F. On appeal from the denial of his Rule 24.035 motion, defendant contended that he complied with the requirements of Section 217.450 of the UMDDL and that the trial court was without jurisdiction to accept his guilty plea. The appellate court disagreed, holding that his initial *pro se* motion for a speedy trial was pursuant to Section 545.780, RSMo 1986, and did not invoke any rights under Sections 217.450–.490 (UMDDL) because he was in a county jail when he filed it and not in a department correctional facility, and the request did not otherwise comply with the requirements of the UMDDL. *Id.* at 432–33. The court did say that a right to a speedy trial is specific to that case and does not carry forward to any new charge even if based on similar facts, and when the State *nolle prossed* Case No. CR791–989F, defendant's request for a speedy trial in that case became moot. *Id.* at 433. This portion of the holding, however, referred to the request for a speedy trial which the court held was filed pursuant to Section 545.780 and not the UMDDL. It held that the subsequent request filed in Case No. CR591–14F did invoke defendant's rights under the UMDDL, but that the 180–day limit had not yet expired when he pleaded guilty, with the result that the trial court had jurisdiction to accept his plea. *Id.*

The State also cites *Dillard v. State,* 931 S.W.2d 157 (Mo.App. W.D.1996), where the defendant argued that his request, pursuant to Section 217.450, to the authorities in Callaway County should be considered a substantial compliance with the statute with reference to charges in Boone County. *Dillard* cites *Duncan* for the proposition that the "rights provided in Section 217.460 derive only from a specific request identifying a particular case." *Id.* at 165. The *Dillard* court also said that "notification of a different prosecutor and court in a different county does not constitute substantial compliance with the requirement of written notification to the prosecutor and court in Boone County." *Id.*

Here, Laclede County Case No. CR396–2FX was the same case as the previous Camden County Case No. CR294–1991F, except that it was assigned the new number in Laclede County after a change of venue. The prosecutor remained the same and the original case file from Camden County was forwarded to Laclede County. To argue that these were two separate cases for the purpose of applying the UMDDL is a misapplication of *Duncan* and *Dillard* and is without merit.

The motion court erred in denying Movant's Rule 24.035 motion because the trial court was without jurisdiction to accept his guilty plea. The order denying that motion is reversed, and the case is remanded to the court with directions to enter an order finding that the trial court was without jurisdiction to accept Movant's plea, and to set aside the judgment of conviction based on his plea of guilty in Laclede County, Case No. CR396–2FX.