**John COATS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 75254.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 24, 1999.

Jason S. Marks, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

Before: RICHARD B. TEITELMAN, P.J., CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J.

### ORDER

PER CURIAM.

John Coats (Movant) pled guilty to one count of possession of a controlled substance in a correctional facility, § 217.360 RSMo 1994. He subsequently filed a Rule 24.035 motion for postconviction relief, which was denied without an evidentiary hearing. Movant now appeals from that judgment, contending the motion court erred in denying his claim that the trial court had lacked jurisdiction to accept his guilty plea due to violation of his rights under relevant provisions of the Uniform Mandatory Disposition Of Detainers Law (UMDDL), §§ 217.450–217.485 RSMo 1994 and RSMo Cum.Supp.1996.

We have reviewed the briefs of the parties and the record on appeal, and find that the motion court's determination is not clearly erroneous. Rule 24.035(k). First, Movant's letter to the prosecutor requesting a speedy trial under UMDDL was premature and therefore did not effectively invoke the protections of UMDDL, because it is clear from the record that this request was made *before* any detainer had been filed against Movant with the correctional facility where he was currently serving a sentence. Such a detainer must be filed before a prisoner can invoke the protections of UMDDL. *Tillman v. State*, 939 S.W.2d 388, 389 and n. 2 (Mo.App. E.D.1996). Second, a fundamental procedural requirement of UMDDL is that a written request for speedy disposition of the detainer must be addressed to both the prosecuting attorney *and* the court before whom the charge is pending. *Dillard v. State*, 931 S.W.2d 157, 164–65 (Mo.App. W.D.1996). Here, Movant sent his request only to the prosecutor and not the court, thereby omitting an essential element required for invoking the Act. *See State v. Laramore*, 965 S.W.2d 847, 849 (Mo.App. E.D.1998).

An extended opinion, reciting the more detailed facts and restating principles of law, would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).