Alan Ray BURNES, Appellant,

v.

STATE of Missouri, Respondent.

No. 25019.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 2, 2003.

Rosalynn Koch, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charnette D. Douglass, Asst. Atty. Gen., Jefferson City, for respondent.

KERRY L. MONTGOMERY, Presiding Judge.

Alan Ray Burnes (Movant), appeals from the motion court's denial of his Rule 24.035 Motion to Vacate, Set Aside, or Correct the Judgment or Sentence. Mov-

1. See §§ 217.450 to 217.485, RSMo 2000.

ant contends that a presentence investigation report (PSI) compiled for the Camden County Circuit Court qualified as a *de facto* detainer and that his premature demand for trial became properly lodged when the State filed its complaint in Greene County. Movant argues that the Greene County Circuit Court failed to dispose of charges within the timeline imposed by the Uniform Mandatory Disposition of Detainers Law (UMDDL).[1] We affirm.

In February of 2000, Movant pled guilty and awaited sentencing in a Camden County case (No. CR299–747FX). That court ordered the Division of Probation and Parole to conduct a PSI. On February 14, 2000, the Division of Probation and Parole concluded its investigation and submitted the results of its finding on February 24, 2000. A portion of the report included the following statement:

5/19/99 Springfield Sale C/S pending

Thereafter, the following events occurred.

May 25, 2000 The Greene County prosecutor requested an arrest warrant for Movant for distribution of a controlled substance (two counts) and child endangerment in the second degree.

June 8, 2000 Movant filed a Demand for Trial regarding the statement in the PSI with the Greene County Circuit Clerk and the Prosecuting Attorney's Office.

June 27, 2000 The Greene County prosecutor charged Movant with distribution of a controlled substance (cocaine); distribution of a controlled substance (methamphetamine); and endangering the welfare of a child in the second degree.

Dec. 20, 2000 Movant filed a Demand for Trial regarding the above statement with the Greene County Circuit Clerk.

Jan. 31, 2001 Movant filed· a motion to dismiss the charges outstanding in Greene County, claiming that more than 180 days had elapsed since the Demand for Trial filed on June 8, 2000.

Feb. 22, 2001 The trial court denied Movant's motion to dismiss, finding that no detainer was filed.

May 22, 2001 Movant entered a guilty plea to the charged offenses.

July 27, 2001 The trial court sentenced Movant to eight years imprisonment for each felony charge and one year imprisonment on the misdemeanor charge, to run concurrently.

Following the court's sentence, Movant filed a Motion to Vacate, Set Aside, or Correct the Judgment or Sentence pursuant to Rule 24.035. In that motion, he alleged that the court lacked jurisdiction to accept his guilty plea, enter judgment and sentence him because it failed to dismiss the Greene County charges. The motion court dismissed the motion, ruling that the PSI did not qualify as a *de facto* detainer and that Movant's demand for trial was premature and did not become effective until timely filed. Movant now appeals from the denial of his Rule 24.035 motion.

In his sole point on appeal, Movant contends that a PSI report which incorrectly noted that charges were "pending" in Greene County qualified as a *de facto* detainer and that his demand for disposition, although premature, became effective once the Greene County prosecutor actually filed criminal charges against him. Movant argues that more than 180 days elapsed between his premature demand for trial and the final disposition of the charges and, consistent with the UMDDL, the Greene County Circuit Court lost jurisdiction to entertain his guilty plea.

■■■ "Appellate review of a denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Elmore v. State,* 55 S.W.3d 424, 425 (Mo. App.2001) (citations omitted). We will only find the motion court's ruling clearly erroneous if, after review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Bergdoll v. State,* 14 S.W.3d 258, 260 (Mo.App.2000). In our review, we presume that the motion court's findings of fact and conclusions of law are correct. *Elmore,* 55 S.W.3d at 425.

The first prong of Movant's appeal contends that the PSI ordered by the Camden County Circuit Court qualified as a *de facto* detainer. If correct, Movant would be entitled to the rights set forth in the UMDDL. Conversely, the State argues that the PSI was not a detainer, that no compliant was filed until after Movant's motion, and that the director of the Department of Corrections did not certify Movant's request for disposition.

■■■ The UMDDL provides for the prompt disposition of detainers based on untried state charges pending against a prisoner held within the state's correctional system. *State ex rel. Kemp v. Hodge,* 629 S.W.2d 353, 354 (Mo. banc 1982). Under this statutory scheme, "[a]ny person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned." § 217.450.1.[2]

---

**2.** All statutory references are to RSMo 2000 unless otherwise indicated.

Time limits require prosecuting officials to act upon the charge underlying the detainer, ensuring that valid charges ripen into trials and invalid charges are dismissed. *Kemp*, 629 S.W.2d at 355. In order for a party to invoke the provisions of the UMDDL, however, a detainer must have been filed against him. *See* § 217.450.1; *Coats v. State*, 998 S.W.2d 869 (Mo.App. 1999); *State v. Smith*, 849 S.W.2d 209, 213 (Mo.App.1993); *Hicks v. State*, 719 S.W.2d 86, 90 (Mo.App.1986).

Accordingly, we must first consider whether a detainer was in fact lodged against Movant. In *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978), the United States Supreme Court recognized that " '[a] detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.' " *Id.* at 359, 98 S.Ct. 1834 (quoting HR Rep No. 91–1018, p 2 (1970)). This court has cited with approval the definition of a detainer from *Mauro*. *See Kemp*, 629 S.W.2d at 354 n. 2; *Carson v. State*, 997 S.W.2d 92, 97 (Mo.App.1999); *Hicks*, 719 S.W.2d at 90. The Supreme Court has also defined a detainer as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985).

■ The purpose of a detainer is to put " 'officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison.' " *Carson*, 997 S.W.2d at 97 (quoting *Mauro*, 436 U.S. at 359, 98 S.Ct. 1834). In *Carchman*, the Supreme Court also noted that

the purpose of a detainer is "to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." 473 U.S. at 720, 105 S.Ct. 3401.

Upon consideration of the requirements that the Supreme Court and the courts of this state have found necessary for a valid detainer, we affirm the motion court's determination that the PSI report compiled by the Division of Probation and Parole did not qualify as a *de facto* detainer lodged against Movant.

As indicated, *supra*, the UMDDL " 'applies only to persons confined in a *state correctional institution against whom charges are pending* in this state.' " *State v. Peterson*, 30 S.W.3d 209, 211 (Mo.App. 2000) (emphasis added) (quoting *Lancaster v. Stubblefield*, 985 S.W.2d 854, 857 (Mo. App.1998)). In this instance, the Division of Probation and Parole concluded its presentence investigation on February 14, 2000, and submitted the results of its findings on February 24, 2000. As part of that report, a notation of "Sale C/S" was listed merely as "pending." On June 8, 2000, Movant filed a Demand for Trial regarding the statement on the PSI with the Greene County Circuit Clerk and the Prosecuting Attorney's Office. Lacking anything more than an indefinite notation from that report, we cannot say with certainty if "pending" referred to pending charges or a pending investigation. Regardless, the record clearly indicates that no charges were actually pending against Movant at that time in Greene County. In fact, the Greene County prosecutor did not charge Movant until June 27, 2000—more than four months after this report was filed.

We also note that the PSI report filed with Movant's correctional facility did not indicate any intent that he was "wanted to

face pending criminal charges in another jurisdiction." *See Mauro*, 436 U.S. at 359, 98 S.Ct. 1834. As indicated, the PSI was ordered by the Camden County Circuit Court only to aid in sentencing. The PSI did not show that Greene County wanted Movant for trial nor did it indicate that Greene County requested that Movant be held or that it be advised when Movant's release was imminent. *See Carchman*, 473 U.S. at 719, 105 S.Ct. 3401.

■ Movant concedes that no official detainer was filed but argues that the presentence investigation was a *de facto* detainer, relying upon *Carson* as authority. In that case, a prisoner already was serving time in a correctional facility when he was charged with three counts of selling a controlled substance in a complaint filed in the Associate Circuit Court of Camden County. *Carson*, 997 S.W.2d at 94. Sometime later, the Warrant Officer of the Camden County Sheriff's Department wrote the correctional facility stating, "We do not wish to place a detainer on [Movant] at this time but would like to be notified thirty (30) days prior to his release." *Id.* The prisoner filed a "Motion for Speedy Trial and Final Disposition of Detainers" and later filed a motion to dismiss, alleging that Warrant Officer's letter was sufficient to invoke his rights under the UMDDL and that the State failed to dispose of the charges within 180 days of his motion. *Id.* On appeal, the court recognized that the letter qualified as a detainer since it asked for an advance notice of the prisoner's release and implied that there was a pending charge. *Id.* at 97–98.

However, we find the present situation readily distinguishable from *Carson*. In that case, the letter satisfied all of the necessary requirements for a detainer in that it was an official request from Camden County to a correctional facility requesting to be advised when the prisoner's release was imminent. *See Carchman*, 473 U.S. at 719, 105 S.Ct. 3401. Greene County made no such request in this situation. Additionally, in *Carson* charges actually were pending against the prisoner when the request for advance notice was made. Here, no charges were pending when the PSI was conducted in February of 2000 or when Movant filed his demand for trial on June 8, 2000.

We conclude that the motion court's determination is not clearly erroneous. Rule 24.035(k). The PSI report did not constitute a detainer as contemplated under the UMDDL. Movant's demand for trial was premature and therefore did not effectively invoke the protections of UMDDL because this request was made before any detainer had been filed against Movant with the correctional facility where he was incarcerated. *See Coats*, 998 S.W.2d at 869.

Although his motion was prematurely filed since no detainer existed, Movant nonetheless contends that his demand for trial became automatically effective once Greene County filed its complaint against him on June 27, 2000. In support of this argument, Movant argues that premature filings in postconviction actions and appeals are deemed filed the first day that they could have been timely filed and that such reasoning should extend to his request for disposition. This argument lacks merit.

■ Section 217.450 provides that an incarcerated person may request disposition of any pending charges in this state "on the basis of which a detainer has been lodged against him while so imprisoned." We have concluded that no detainer was lodged against Movant when he filed his first demand for a speedy trial. Absent the presence of a detainer, § 217.450 does not allow Movant to request a final disposition of the Greene County charges.

348

In light of the above, we find that the PSI did not qualify as a detainer as contemplated under the UMDDL and that Movant's demand for trial was premature and not effective. Therefore, the 180–day provision did not begin to run until Movant properly filed a timely demand for trial on December 20, 2000, and the State properly acted on that motion within the allotted time. The motion court's denial of Movant's Rule 24.035 motion is affirmed.

GARRISON and BARNEY, JJ. concur.

