STATE of Missouri, Respondent,

v.

Clinton E. WOODROME, Appellant.

No. WD 40615.

Missouri Court of Appeals,
Western District.

Feb. 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1989.

Application to Transfer Denied
May 16, 1989.

James McNabb, Marshfield, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., TURNAGE, J., and COVINGTON, Sp.J.[1]

TURNAGE, Judge.

Clinton Woodrome was found guilty by a jury of arson in the second degree, § 569.050, RSMo 1986,[2] attempted escape from confinement, § 575.210, and assault in the second degree, § 565.060. The court sentenced Woodrome to 15 years on the arson charge, 30 years on the attempted escape, to run consecutively to the arson sentence, and 10 years on the assault charge to run consecutively to the other two.

Woodrome contends that he was not tried within the time limit provided for under the Uniform Mandatory Disposition of Detainers Law, complains of error in the

1. Judge Covington was a member of this court when this cause was submitted but is now a member of the Supreme Court of Missouri.

2. All sectional references are to Missouri's Revised Statutes, 1986, unless otherwise stated.

admission of evidence showing his prior conviction and the failure to prove that an accessory was lawfully confined.

In early June 1987 while being held in the Hickory County Jail, Woodrome and fellow inmates Jim Chaney, John Williams and Mike Hardman hatched a plan to escape from jail while they were being taken to court. Because the sheriff learned of the plan, the four were taken to the jail separately. This served to effectively thwart the plan.

Undeterred, Woodrome formulated a second plan. As a part of this plan Woodrome obtained from Williams some "Raid" bug spray which he poured into a toothpaste tube. Woodrome then gave the tube to Hardman to pass on to Chaney. Because the plan called for Chaney to set a fire in his cell, Woodrome provided Hardman with some newspapers to give to Chaney to accomplish this end. The scheme called for Chaney to set a fire in his cell and when the lone deputy on duty appeared, Chaney was to push the deputy into the burning cell, squirt some "Raid" in his eyes to blind him, get the keys from the deputy and let Woodrome out of his cell.

Pursuant to the plan, after Chaney started the fire in his cell, the deputy appeared and opened Chaney's cell door; a brief struggle followed, in which Chaney ultimately succeeded in wrestling the keys, to the other cell, from the deputy. Chaney proceeded down the hallway toward Woodrome's cell but was halted when he was grabbed by his brother, Jess Chaney, who was also in jail. The escape was deterred when the deputy appeared and retrieved the keys from Chaney.

On June 10, 1987, Woodrome was charged with attempted escape, arson and assault. On June 12 Woodrome filed a pro se motion for a fast and speedy trial under § 217.450 known as the Uniform Mandatory Disposition of Detainers Act.

In his opening statement, the prosecutor listed the crimes for which Woodrome was being held in jail at the time of the attempted escape. Later proof was made as to the crimes for which Woodrome was being held.

■ Woodrome's first contention is that the court erred in failing to dismiss the charges because he was not brought to trial within 180 days as required by § 217.450.1 which provides that "any person confined in a state correctional institution may request a final disposition of any untried indictment, information or complaint pending in this state against him while so imprisoned." [3] This section applies only to any person confined in a state correctional institution. Section 217.015.1 vests control of all correctional institutions in the Department of Corrections and Human Resources. Control of county jails are under the control of the county sheriff under § 221.020. Woodrome concedes he was being held in the Hickory County jail at the time he filed his motion for speedy trial pursuant to § 217.450.1. A county jail is not a state correctional institution because it is under the jurisdiction of the county sheriff and not the State Department of Corrections and Human Resources. Thus, the provision of the Uniform Mandatory Disposition of Detainers Act did not apply to Woodrome because he was held in a county jail and not a state correctional institution.

■ Woodrome next contends that the court erred in allowing the introduction of evidence concerning Woodrome's prior conviction for escape from custody as the conviction on which he was being held in jail at the time of this offense. In addition to the escape conviction, Woodrome was being held on other convictions; the prosecutor in opening statement referred to Woodrome's convictions for stealing and tampering in the first degree for which he was also incarcerated. Woodrome alleges that the evidence of his prior convictions was irrelevant and prejudicial in this case.

Woodrome was charged with an attempted escape from confinement. In *State v. Willis*, 602 S.W.2d 9, 10[3] (Mo.App.1980), this court held that "[C]onviction, sentence

**3.** The former Section 222.080.1, RSMo 1978 which read "any person imprisoned in a correc-  tional institution of this state ..." was repealed by L.1982.

and entry into custody by prior operation of law are all essential elements of the crime of escape and must be proven." Indeed § 575.210 provides that "A person commits the crime of escape or attempted escape from confinement if while being held in confinement after arrest for any crime, or while serving a sentence after conviction for any crime, he escapes or attempts to escape from confinement." It was incumbent upon the state to establish that Woodrome was being lawfully held in custody and the proper method under *Willis* to prove that fact was to show the conviction, sentence and entry into custody pursuant thereto. Thus, the reference in opening statement to the convictions on which Woodrome was being held at the time of his attempted escape and the proof thereof was proper.

■ In addition, Woodrome asserts that he was entitled to judgment of acquittal because there was no evidence that Jim Chaney was lawfully confined in jail. The theory of the state, supported by the evidence, was that Woodrome planned and aided in the attempt to escape although the immediate actions of the attempt consisting of the arson and the assault on the deputy were carried out by Jim Chaney. Under § 562.041.1(2) a person is criminally responsible for the conduct of another when the person aides another person in committing or attempting to commit the offense.[4] The evidence showed that Woodrome attempted to escape through the acts of Chaney. The instruction submitted the acts committed by Chaney, as required by MAI–3rd 304.04, and required the jury to find that Woodrome aided and assisted Chaney in those acts. Under the law, Woodrome was responsible for the acts of Chaney so that the acts of Chaney became the acts of Woodrome and the jury could find that by Chaney's acts Woodrome attempted to escape. Nevertheless it was Woodrome who was on trial for attempted escape and not Chaney. Thus, the state had the burden of proving

that Woodrome was in lawful custody because he was the one being charged with an attempt to escape. In this case the state did not have to prove that Chaney was in lawful custody because he was not being charged with an attempt to escape. Because Woodrome was being prosecuted for his attempt to escape through the acts of Chaney, and Chaney was not charged, there was only the necessity to prove that Woodrome was lawfully incarcerated.

Woodrome further contends, along the same line, that the verdict directing instruction was erroneous because it did not submit that Jim Chaney was lawfully in confinement. The rationale for disposing of the last contention disposes of this contention, which is that Woodrome, not Chaney, was being tried for attempted escape. Therefore, the instruction properly submitted the element that Woodrome was lawfully confined and not Chaney.

The judgment is affirmed.

All concur.

---

4. Woodrome mistakenly contends he was charged with aiding and assisting Chaney in an attempt to escape. Woodrome was not charged with aiding because under this section all persons who aid, assist or encourage the commission of an offense are guilty as principals. Missouri does not recognize an offense of aiding another, but charges each one involved with the commission of the offense. For that reason, Woodrome was charged with attempted escape although he aided and assisted Chaney, who carried out the arson and assault which constituted the attempt.