Michael BURGESS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 66254.

Missouri Court of Appeals,
Western District.

June 29, 2007.

Frederick J. Ernst, Kansas City, MO, or appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

Before NEWTON, P.J.,
BRECKENRIDGE and ELLIS, JJ.

PATRICIA BRECKENRIDGE, Judge.

Michael Burgess appeals the denial of his Rule 24.035 motion to vacate, set aside, or correct the trial court's judgment finding him guilty of possession of a methamphetamine precursor drug with intent to manufacture amphetamine, methamphetamine, or any of their analogs, section 195.246, RSMo Cum.Supp.2001, and forgery, section 570.090, RSMo 2000. Mr. Burgess's only claim on appeal is that he was not brought to trial within 180 days of his motion for a speedy trial, pursuant to the requirements of the Uniform Mandatory Disposition of Detainers Law ("UMDDL"), sections 217.450–217.485, RSMo Cum.Supp.2006.[1] He asserts that, because the State failed to try him within 180 days, the trial court did not have subject matter jurisdiction to accept his plea of guilty. Finding no error, the motion court's judgment denying Mr. Burgess's Rule 24.035 motion is affirmed.

**Factual and Procedural Background**

On May 20, 2003, the Andrew County prosecuting attorney charged Mr. Burgess, in case number 03CR73508, with the felony offenses of attempted manufacture of a controlled substance and possession of methamphetamine precursor drug with intent to manufacture amphetamine, methamphetamine, or their analogs. A warrant for Mr. Burgess's arrest was issued on the date the charges were filed. On June 9,

---

1. All statutory references are to the 2006 Cumulative Supplement to the Revised Statutes of Missouri 2000, unless otherwise indicated.

2003, the Andrew County prosecutor charged Mr. Burgess, in case number 03CR73615, with the additional offense of the class C felony of forgery. A summons was originally issued for Mr. Burgess's appearance on the forgery charge but, when he failed to appear in Andrew County on July 8, 2003, an arrest warrant was issued.

On August 1, 2003, before Mr. Burgess was arrested on either Andrew County warrant, he was delivered to the custody of the Missouri Department of Corrections ("DOC") to serve consecutive four and five-year sentences for unrelated felony forgery convictions from Buchanan County. The DOC records show that he was designated custody level four, rather than three, due to a "felony Warrant out of Andrew County."[2] Mr. Burgess was assigned to the DOC facility in Farmington.

On August 21, 2003, Mr. Burgess was transported from the DOC facility in Farmington to Clay County, pursuant to a writ, and held in the Clay County Detention Center pending disposition of charges in that county. While confined in the Clay County Detention Center, Mr. Burgess filed three *pro se* pleadings in the two Andrew County cases. His first pleading, filed on September 22, 2003, and titled "Motion to Request a 180 Day Writ of Habeas Corpus Ad Prosequendum," referenced both case numbers 03CR73508 and 03CR73615. His other two pleadings, filed on October 28, 2003, requested the "180 day speedy trial writ rule, so that said

charge be brought forth and defendant be found guilty or not guilty within 180 days or to be dismissed with prejudice...." One pleading referenced case 03CR73508 and the other referenced case 03CR73615. Mr. Burgess was returned to the DOC facility at Farmington on November 6, 2003.

Subsequent to filing these requests for speedy trial, the Andrew County Circuit Court issued writs of Habeas Corpus Ad Prosequendum in both cases for service on Mr. Burgess at the Farmington Correctional Center. His case was continued twice, first "for PD" and the second time because it was necessary to appoint a special public defender. On January 20, 2004, Mr. Burgess did not appear for his scheduled court date in Andrew County because he was incarcerated, at that time, in Atchison, Kansas. Five weeks later, Mr. Burgess notified the court that he had returned from Kansas to the Farmington DOC facility.

The Andrew County prosecutor subsequently entered a nolle prosequi of the charges in cases 03CR73508 and 03CR73615 and filed a single felony information charging the same offenses in case 04CR72916-01.[3] Thereafter, on May 12, 2004, Mr. Burgess filed a request for speedy trial in the new case. The case was resolved when Mr. Burgess entered into a plea agreement with the prosecutor. On September 20, 2004, the prosecutor dismissed the felony charge of attempted manufacture of a controlled substance, and

---

2. The DOC's Initial Classification Analysis of August 14, 2003, includes a notation under the section for "DETAINERS, WARRANTS, PENDING CHARGES, ACTIVE PROBATION/PAROLE VIOLATION STATUS" of "felony Warrant out of Andrew County."

3. Subsequently, Mr. Burgess filed a *pro se* motion requesting dismissal of cases 03CR73508 and 03CR73615 because he was not brought to trial within 180 days of his

September 22, 2003, *pro se* motion for a speedy trial. In his motion, he alleged that the prosecutor had dismissed the charges in those cases "without prejudice to refiling of same" and he asked that the court dismiss the cases with prejudice. The Andrew County Circuit Court returned the motion to Mr. Burgess with a note stating that those cases had been dismissed.

Mr. Burgess pled guilty to the remaining offenses of possession of a methamphetamine precursor drug with intent to manufacture amphetamine, methamphetamine, or any of their analogs, and the class C felony of forgery. At the time he entered his plea of guilty, he waived his right to speedy trial in that case.[4] The court sentenced Mr. Burgess on December 20, 2004, to three years on the possession charge, to be served consecutively to any sentence he was presently serving in the DOC, and four years on the forgery charge.

Mr. Burgess filed a timely Rule 24.035 post-conviction motion and, thereafter, an amended motion. In his amended motion, he asserted that the trial court did not have jurisdiction to accept his guilty pleas because: (1) he properly invoked his right to a trial within 180 days under the UMDDL; (2) there was a detainer or de facto detainer in place against him at the time he filed his request for a speedy disposition of the Andrew County cases; (3) the prosecution did not circumvent the UMDDL by dismissing and then re-filing the charges under a new case number; and (4) at the time of his guilty plea, more than 180 days had passed since he initially filed a request for speedy disposition of the charges. After an evidentiary hearing, the motion court denied Mr. Burgess's the motion on November 2, 2005, and he filed this appeal.

### Standard of Review

Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *Reynolds v. State*, 994 S.W.2d 944, 945 (Mo. banc 1999).

### Mr. Burgess Not Confined in a DOC Facility When Requests Filed

In his sole point on appeal, Mr. Burgess claims that the motion court erred in denying his Rule 24.035 motion because the trial court lacked jurisdiction to enter the guilty pleas, convictions, and sentences on the charges. Specifically, he contends that the trial court lost jurisdiction upon the passing of 180 days after he requested a speedy trial pursuant to sections 217.450–217.485.[5]

On August 1, 2003, Mr. Burgess was delivered to DOC custody and assigned to the DOC facility in Farmington. On August 21, 2003, he was transferred to the Clay County Detention Center for adjudication of charges in that county. Mr. Burgess filed speedy trial requests for his Andrew County charges while he was confined in the Clay County Detention Center, not in the DOC facility in Farmington. Because Mr. Burgess was confined in a county jail, and not a DOC facility, when he filed his requests, the motion court found that Mr. Burgess failed to invoke his rights under the UMDDL.

Section 217.450.1 governs when a person has properly invoked his or her right to a

---

**4.** Mr. Burgess waived his right to a speedy trial since the sentencing date was scheduled over 180 days after Mr. Burgess filed his May 12, 2004, request for speedy trial.

**5.** Mr. Burgess bases his claim that the trial court automatically lost jurisdiction under the UMDDL on the passage of 180 days after he filed his September 22, 2003, and October 28, 2003, requests for a speedy trial. He does base his claim on the request he filed on May 12, 2004, or contest that he waived his rights under that request.

trial within 180 days under the UMDDL. That section states:

> Any person *confined in a department correctional facility* may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

Section 217.450.1 (emphasis added).

Mr. Burgess concedes that, at the time he filed his requests for a speedy trial, he was not physically located in the DOC facility in Farmington, to which he had been assigned. He contends, however, that while he was temporarily confined in the Clay County Detention Center, he was still in the custody and under the authority of the DOC. Because the DOC still had custody and control over him, he claims that he was "confined in a department correctional facility" at the time he made his speedy trial requests.

To resolve the issue, this court must interpret section 217.450.1. Section 217.450.1 states that "[a]ny person *confined in a department correctional facility* may request a final disposition of any untried indictment. . . ." (Emphasis added.) In interpreting this provision of the statute, "insofar as possible, legislative intent is to be determined from the language of the statute itself." *State ex rel. Clark v. Long,* 870 S.W.2d 932, 936 (Mo.App. S.D. 1994). "In doing so, words used in statutes are considered in their plain and ordinary meaning. The legislature is presumed to have intended what the statute says, and if the language used is clear and

unambiguous there is no room for construction." *Id.* (citation omitted).

This court has previously addressed the meaning of a similar phrase, "confined in a state correctional institution," in *State v. Woodrome,* 768 S.W.2d 149 (Mo.App. W.D. 1989). In *Woodrome,* the defendant filed a motion for a speedy trial under section 217.450, RSMo 1986, while confined in a county jail. *Id.* at 150. The defendant was not brought to trial within 180 days. *Id.* The trial court, however, refused to dismiss the charges against the defendant and the defendant was found guilty at trial. *Id.* at 149–50. On appeal, this court affirmed the trial court's decision, finding that:

> A county jail is not a state correctional institution because it is under the jurisdiction of the county sheriff and not the State Department of Corrections and Human Resources. Thus, the provision of the Uniform Mandatory Disposition of Detainers Act did not apply to [defendant] because he was held in a county jail and not a state correctional institution.

*Id.* at 150.

Similarly, in *Duncan v. State,* the Eastern District of this court addressed whether a defendant had invoked his rights to a speedy trial under section 217.450, Cum. Supp.1992. 864 S.W.2d 431, 432 (Mo.App. E.D.1993). By that time, the statute had been amended to require that the person making the request be "confined in a department correctional facility," as it does now. The court found that the defendant's motion for a speedy trial did not comply with section 217.450, Cum.Supp.1992 because the "defendant was confined in the St. Francois County Jail when he executed his request and not in a department correctional facility as required by [section] 217.450.1 [Cum.Supp.1992]." *Id.* at 432. The courts in *Woodrome* and *Duncan* de-

termined that, under section 217.450, a defendant may only invoke his or her rights under the UMDDL when he or she files a motion for a speedy trial while confined in a DOC facility, and county jails are not DOC facilities. *Duncan*, 864 S.W.2d at 432; *Woodrome*, 768 S.W.2d at 150.

Nevertheless, Mr. Burgess attempts to distinguish *Woodrome* and *Duncan* on the ground that the defendants in those cases "had not been delivered to the authority of [the] Department of Corrections prior to submitting their motions under the UMDDL." Mr. Burgess contends that "[o]nce a person has been delivered to the Department of Corrections to serve a prison term," the person is "confined" in a DOC facility anywhere that person is incarcerated, so long as that person remains under the custody and authority of the DOC.

In support of that contention, he relies upon the definition of "[c]orrectional center" in section 217.010(4). "Correctional center" is defined as "any premises or institution where incarceration, evaluation, care, treatment, or rehabilitation is provided to persons who are under the department's authority[.]" Section 217.010(4). When an offender incarcerated in the DOC is transferred to another jurisdiction for disposition of pending criminal charges in that jurisdiction, the DOC does not relinquish all custody and control over the offender. *See Brown v. State*, 452 S.W.2d 176, 178–79 (Mo.1970). Mr. Burgess argues that, under the plain and ordinary meaning of the definition of "correctional center" in section 217.010(4), when a person who is under the DOC's authority is temporarily incarcerated in a county jail, the county jail would fall within the definition of "correctional center." Therefore,

Mr. Burgess asserts that the place where he was incarcerated, the Clay County Detention Center, fell within the definition of a DOC "correctional center" in section 217.010(4), so he met the requirement that he be in a DOC correctional facility when he filed his requests for speedy trial under section 217.450.1. Under Mr. Burgess's analysis of the governing statutes, the legislature intended to allow any offender in the custody and under the authority of the DOC to invoke his or her rights under the UMDDL, wherever the offender is incarcerated.

Mr. Burgess incorrectly assumes that all premises and institutions where offenders under the authority of the DOC are incarcerated should be considered *"department"* facilities or correctional centers.[6] The plain and ordinary language in the definition of "correctional center" in section 217.010(4) is arguably sufficiently broad to include premises or institutions under the control and jurisdiction of the DOC, as well as those under the control and jurisdiction of other entities. But just because premises or institutions where offenders under the authority of the DOC are incarcerated fit within the definition of "correctional center" or "facility," that does not mean that they are "department" correctional centers or facilities, as section 217.450.1 requires.

This distinction is significant because the legislature did not require that an offender be incarcerated in any correctional facility at the time a request for speedy trial is made under UMDDL. It required that an offender be incarcerated in a "department" correctional facility to invoke rights to a speedy trial under UMDDL. The Clay County Detention Center is not a

---

**6.** For purposes of this analysis, this court will assume, without finding, that the term "cor-

rectional facility" is synonymous with the term "correctional center."

"department" correctional facility.[7]

The legislature could have adopted the position Mr. Burgess advances and extended UMDDL rights to all offenders in DOC custody, wherever the offenders are incarcerated. Indeed, at least one state's legislature chose to do so. Colorado's version of the UMDDL extends to "[a]ny person who is *in the custody of* the department of corrections."[8] Colo.Rev.Stat. Section 16–14–102(1) (2006) (emphasis added).

This state's legislature, however, opted to limit UMDDL rights to persons confined in "department" correctional facilities. Section 217.450.1. In doing so, the legislature assured that a defendant's request for the speedy disposition of a detainer notifies prosecuting attorneys and the court of the defendant's availability and location in a DOC facility. In this case, Mr. Burgess was not in a DOC facility at the time he filed his requests in Andrew County and, therefore, he could not identify his physical location in a DOC facility and his availability to Andrew County for the imminent adjudication of his charges. Consequently, Mr. Burgess's requests did not invoke his rights under UMDDL.

In sum, this court finds that the motion court's denial of Mr. Burgess's Rule 24.035 motion to vacate, set aside, or correct the trial court's judgment was not clearly erroneous because Mr. Burgess failed to invoke his right to a trial within 180 days under the UMDDL. Specifically, Mr. Burgess's *pro se* requests for a trial within 180 days were filed while he was in a county detention center, not while he was confined in a department correctional facility as required by Section 217.450.1.[9] Therefore, Mr. Burgess's point is denied.

The motion court's judgment is affirmed.

All concur.

7. In support of his argument that a city or county correctional center could fit within the definition of a *department correctional facility*, Mr. Burgess directs this court's attention to section 217.138. That statute authorizes DOC to "contract with any city or county to place sentenced offenders with such city or county for housing and maintenance for the remainder of their sentence." Section 217.138. Mr. Burgess was not in the Clay County Detention Center because of a contract with DOC, however, so it is not necessary to consider the implications of that statute.

8. In Colorado, parolees monitored by the department of corrections, even while held in county jail, may file a valid motion for a speedy trial invoking rights under the UMDDL because "[a]lthough not in its physical custody, a parolee remains in the legal custody of that department." *People v. Campbell*, 742 P.2d 302, 309 (Colo.1987).

9. Because the location of Mr. Burgess's confinement is dispositive, it is not necessary to address the State's argument that no detainer was ever filed against Mr. Burgess, as required to invoke his rights under section 217.450.